MAHALA WILSON, Appellant, v. FRANK MADDOCK AND H. A. KATHAU, Respondents.

EVIDENCE—COMMON REPUTATION.—Under Subd. 12, § 766, of the Code of Civil Procedure, common reputation is admissible in evidence to prove the ownership of property in dispute, and this statute changes the general rule in this respect.

IDEM—OPINION OF WITNESS NOT ADMISSIBLE.—A question ʃwhich calls for the opinion of the witness as to whom common reputation ascribes the ownership of property, is not admissible.

APPEAL from Umatilla County.

*W. W. Thayer*, for Appellant.

*James H. Slater*, for Respondents.

By the Court, SHATTUCK, J.:

The only ground of error assigned and insisted on in this case, is the refusal of the court below to allow the plaintiff's counsel to ask of the witness Scott the following question, to wit: "Do you know who is the owner of the property described in the complaint, according to common reputation?"

The issue on trial between the appellant and the respondent was as to the ownership of certain personal property, and the proposal to put this question assumes that ownership of property may be proved by common reputation.

The objection to the question is twofold: that the evidence called for is incompetent, and that the question is not in proper form, even if common reputation could be received as evidence of ownership.

We hold that common reputation cannot be received as evidence of title to property, unless it be authorized by express provisions of the statute, or unless the case is one within the exceptions to the general rule. It has been long held that common or general reputation may be received concerning a matter in which the public have an interest, or which directly concerns and affects the mass of the people of a town or locality. This case is one merely personal and of a private nature, concerning which the parties alone can be *presumed* to be informed or have any accurate knowledge. Consequently, common reputation could not, by the general rule, be received to show title in this case. (1 Greenleaf on Ev., §§ 127, 131.)

Our statute, however, in the Criminal Code, § 652, has declared common fame to be competent evidence in case of indictment for keeping a brothel, and that provision of the statute has been applied without question in that class of cases, ever since its enactment. There can be no doubt that the Legislature had the power to enact it. It is said to have been a rule of the Roman law, that common reputa-

tion in all cases might be received as evidence.  (1 Green-leaf on Ev., note 5 to ¿ 128.)  The Legislature of this State might, if they deemed it expedient, make such to be the rule here.  We think they have done so by Subd. 12, ¿ 766, of the Civil Code, which provides among disputable presumptions, satisfactory unless overcome, "that a person is" (presumed) "the owner of property from exercising acts of ownership over it, or from common reputation of his ownership."  By this provision common reputation is placed on an equal footing with possession, as furnishing a presumption of ownership, and for this reason, as to the general competency of the evidence, we think the objection to its introduction should have been overruled.

The form of the question was, however, objectionable, and it was not error to refuse to allow an answer to be given.  The question does not ask for the common reputation of ownership, but for the opinion or inference of the witness.  The proper fact to be proven was merely the common reputation.  Of this alone the witness was competent to testify.  The inference or presumption to be drawn from that fact was matter for the jury.

The judgment below is affirmed.