CHARLES BARTEL, ADMINISTRATOR OF THE ESTATE OF RICHARD NICHOLLS, DECEASED, RESPONDENT, v. ADAM LOPE, APPELLANT.

EVIDENCE — BILL OF SALE, WHEN PAROL EVIDENCE ADMISSIBLE TO PROVE IT A CHATTEL MORTGAGE.—Wherein an action by an administrator of a deceased person to recover specific personal property belonging to the estate, a bill of sale of such property from the deceased to defendant is offered in evidence by defendant, such bill of sale may be shown by parol evidence to be a mortgage.

TENDER — OFFER IN WRITING, EFFECT OF WHEN NOT ACCEPTED.—An offer in writing to pay a debt when not accepted is a sufficient tender of money under the code, and such tender will discharge a lien for such defendant, on personal property, created by a chattel mortgage.

EVIDENCE—DECLARATIONS OF OWNERSHIP BY ONE IN POSSESSION—GENERAL REPUTATION.—The declarations of ownership of personal property made by one in the actual possession of such property, are competent evidence to support the title of the person making them after his decease. Evidence of general reputation of ownership is competent evidence under the code.

APPEAL from Multnomah County.

This action is brought by Bartel, as the administrator of Nicholls, to recover certain personal property which belonged to Nicholls in his life-time. The defendant Lope alleged ownership in himself, and on the trial in the court below introduced an absolute bill of sale of the property by Nicholls to himself for an expressed consideration of

two hundred and seventy dollars. On such trial the plaintiff, to establish the ownership of Nicholls, was allowed to prove that "it was generally believed" that Nicholls was the owner. He was also allowed to prove the declarations of Nicholls, to the effect thathe was the owner, made after the execution of the bill of sale; and that he, the plaintiff, had offered in writing to pay the defendant two hundred and seventy dollars, the amount expressed in the bill of sale, and interest, and that such offer was not accepted.

The introduction of all this testimony on the part of plaintiff was objected to by the defendant, and the rulings of the court thereon are the errors assigned in the appeal. The jury found for the plaintiff, and under the direction of the court returned, among others, the following special findings:

Q. What was the intention of said Nicholls and said Lope at the time, and in the execution of said instrument of writing or bill of sale; was it intended to be an absolute bill of sale or a mortgage? A. It was a bill of sale to secure the payment of the above-mentioned sum of money, and consequently considered as a mortgage.

Q. Was there any agreement between Nicholls and Lope concerning a resale of the property in controversy to Nicholls. If so, when was it made, before or after the execution of the bill of sale, and what were the terms of such agreement? A. There was, after. The terms were that Richard Nicholls could redeem the property within sixty days, by the payment of the money back to Adam Lope, according to the agreement between them, viz.: two hundred and seventy dollars, with interest.

Q. Has the estate of Nicholl any creditors, and is there property of said estate, exclusive of the property in controversy, sufficient to pay said creditors? A. There are creditors; not sufficient outside of the property in controversy to pay the debts.

The defendant moved for judgment, notwithstanding the verdict, upon the special findings, which motion was denied, and judgment rendered for plaintiff.

The defendant appeals.

*Dolph, Bronaugh, and Dolph & Simon,* for appellant:

With pleadings framed as in this case, evidence could not be legitimately allowed tending to convert this absolute bill of sale into a mortgage. The submitting of that question to the jury by the court was error, and judgment should have been entered for defendant, upon the special findings, notwithstanding the general verdict. (Code, 248, sec. 682; *Anthony* v. *Atkinson,* 2 Sweeny, 228; *Webb* v. *Rice,* 6 Heill, 219; *Erwin* v. *Saunders,* 1 Cow. 249; *Norton* v. *Woodruff,* 2 Com. 153; *Miller* v. *Baker,* 20 Pick, 285; *Hazel* v. *Lindel,* 10 Mo. 308.) The rule in New York and California, allowing it, is based upon the provision of the code in those states abolishing the distinction between suits and actions. (2 Kernan, 266; 9 Barb. 658; 36 Cal. 45; *Leese* v. *Clark,* 20 Id. 387.)

The special findings show the parol agreement to have been for a resale, and the facts found do not constitute the bill of sale a mortgage; and the agreement so found was void, because entered into after the sale, and without consideration. (*Sturtevant* v. *Sturtevant,* 20 N. Y. 40; *Barrett* v. *Carter,* 3 Lans. 68; *Fullerton* v. *McCurdy,* 55 N. Y. 637; 4 Daily, 77; *Mason* v. *Moody,* 26 Miss. 184; *Harbaugh* v. *Cicott,* 33 Mich. 241; *Johnson* v. *Clark,* 5 Ark. 336, 343.)

Even if the bill of sale were intended between the parties to it as a mortgage at the time of its execution, Bartel had no authority as administrator to offer to redeem without an order of the county court allowing it, and without such order, he had no more right to claim to redeem out of his own individual funds than any other third person, being a stranger to the contract, would have had. (Code 331, secs. 1129, 1130; *Boone* v. *Ranes,* 7 T. B. Mon. 384; *Champion* v. *Joslyn,* 44 N. Y. 658.)

After condition broken, a mortgagee of personal property becomes the owner thereof, except that an equity of redemption remains to the mortgagor which he may assert if he sues within a reasonable time. But he cannot after condition broken tender the money, and, if unaccepted, maintain an action for the possession of the property.

(*Blodgett* v. *Blodgett,* 48 Vt. 32; *Brown* v. *Bement,* 8 John. 96; *Porter* v. *Palmley,* 13 Ab. Pr. N. S. 104; *Patchin* v. *Pierce,* 12 Wend. 61; *Heyland* v. *Badger,* 35 Cal. 404; *Wright* v. *Ross,* 36 Id. 414.)

Conceding for the sake of argument that this bill of sale was in fact a mortgage, still, there having been no time of payment expressed in it, it was payable immediately, and no demand of payment was necessary, but the title of the mortgage became absolute at law on the execution of the mortgage without a demand; and the mortgagor, if suffered to remain in possession, was thereafter a mere naked bailee of the property, having no right but that of redemption in a court of equity. (*Howland* v. *Willett,* 3 Sandf. 607.) And parol testimony is inadmissible to show a different time of payment. (*Thompson* v. *Ketcham,* 8 John 190.) We submit, therefore, that appellant is entitled to judgment on the special findings.

If the court should differ with us as to our right to judgment in appellant's favor on the special verdict, then we claim that for the reasons, and upon the principles of law, already stated, and for the further error of the court below in allowing proof of reputation, and of the declarations of Nicholls, after he parted with the title, as to the ownership of the property, a new trial should be granted. (*Sprague* v. *Kneeland,* 12 Wend 161; *Norton* v. *Woodruff,* 2 Comstock 155; *Visher* v. *Webster,* 13 Cal 58; *Cohn* v. *Mulford,* 15 Id. 52; *Jones* v. *Morse,* 36 Id. 205; *Poorman* v. *Miller,* 44 Id. 269; *Campbell* v. *Coon,* 51 Ind. 76.)

*W. W. Thayer and David Goodsell,* for respondent:

The respondent, by virtue of his general ownership of the property, was entitled to tender the amount in order to preserve his rights and that of the creditors, in the property; it was a right incident to his trust. The fact that respondent had not obtained an order from the probate court allowing him to redeem, was not drawn in question. No objection was made upon that point, and for all that appeared in the court below, respondent may have obtained an order to that effect. Appellant had nothing to do with the question.

He was offered the money, and it was none of his business whether any order allowing the respondent to redeem had been made or not. The effect of the tender was to relieve the property from the incumbrance. The debt was the principal and the mortgage but an incident. (9 Wend. 80.) While a tender, not kept good, would not discharge the debt, yet it would discharge the lien. (8 John. 96; 2 Cain. 213; 3 Parsons on Cont. 274; 21 N. Y. 343; *Amot* v. *Post*, 6 Hill, 65.) It is not necessary to bring money into court. (21 N. Y. 347; 6 Cow. 728; 56 Barb. 97.) Plaintiff had the right to show that the bill of sale was a mortgage. He had a right to show anything under the pleadings that would tend to establish that he was the owner of the property in the character alleged, and that the appellant was not. (*Allison* v. *Mathews*, 3 John., 235.)

Under our law a chattel mortgage simply credits a lien upon the property mortgaged. (*Chapman* v. *State*, 5 Or. 432.) A bill of sale, though absolute upon its face, may at law be shown to be only a mortgage. (8 Wend. 375; 1 Am. R. 135; *Chaplain* v. *Butler*, 18 John. 173.)

The rule, however, that a party cannot, by parol evidence, vary or change the terms of a written instrument, does not apply to this case; that rule is only applicable in suits between the parties to the instrument and their privies. (55 N. Y. 234.) The parties represented by the respondent in this case, the creditors of Nicholls, were strangers to that instrument.

The plaintiff had the right to give evidence of Nicholls's declarations concerning his ownership of the property while in his possession. (47 Mo. 365.) They were a part of the *res gestœ.* Allowing Nicholls to retain the possession of the property and represent it as his own, was not only an *indicia* of fraud, but tended to establish that the bill of sale was only intended as a lien or pledge of the property. The appellant's counsel excepted to the question asked the respondent when on the stand, as to common reputation of ownership of the property. It was not answered, and we might claim that if it were error, no injury was suffered by appel-

lant; but the question was asked in view of the case of *Wilson* v. *Maddock*, 5 Or. 480.

By the Court, BOISE, J.:

From the foregoing statement of this case, several questions are presented for the consideration of this court.

1. Was it competent for the plaintiff to prove that the paper purporting to be a bill of sale from Nicholls to Lope was intended to be a mortgage?

The plaintiff had offered evidence tending to show that Nicholls at the time of his death was the owner of the property in question. To rebut this and show that Lope was the owner, Lope offered this bill of sale. This would be sufficient to show that Nicholls had sold the property to Lope. Now the question is, could this bill be impeached? It could be by the party who signed it, Nicholls, by showing that no delivery had ever been made under it, and that it had been abandoned, and as to whether or not Nicholls could have shown it to be a mortgage we are not called on to decide, for the reason that his administrator being in this case the trustee of his creditors (it being found by the jury that the estate owed five or six hundred dollars), occupied the same position towards this property as these creditors, and could show that this sale was fraudulent as to creditors. This bill of sale was only evidence of the sale, and not conclusive; for in the sale of personal property a bill of sale does not operate to pass the title without a delivery (Civ. Code, 264), and any evidence which tends to show that the sale was a fraud or on a condition, is as competent at law as in equity. Sales of personal property are liable to be inquired into in any court. It is objected that to show this to be a mortgage would contradict the writing and add to the contract; but it is a well settled rule that a deed absolute on its face can be shown to be a mortgage; this doctrine was held by this case in *Smith* v. *Simpson* (case not reported). That was a case in equity, and in the case of deeds to land a resort to equity is necessary, for the deed itself is conclusive evidence of the legal title, but not so as to personal property, and courts of law have frequently ex-

ercised this jurisdiction. (55 N. Y. 234, 8 Wend. 375; 1 Am. R. 135; *Chaplin* v. *Butler*, 18 John. 173.)

2. It is insisted there was no tender. But we think the offer in writing proved by plaintiff not being accepted by defendant was a sufficient tender, under section 842 of the code, and that, though such tender did not discharge the debt, it did extinguish the lien. (8 John. 96; 2 Cain, 213; 3 Parsons on Contr. 274.) And we think he might make this tender without any order from the county court, for it made no difference with the defendant whether such order had been made, or whether this money tendered him was the property of the estate or of the plaintiff.

3. It is claimed as error that the court allowed evidence of the common reputation as to the ownership of this property to go to the jury to prove that Nicholls was the owner. This question was decided in the case of *Wilson* v. *Maddock*, 5 Or. 480 when it was held that such evidence was competent under subdivision 12 of section 766 of the civil code, and we refer to that case as decisive of this question in this case.

4. It is claimed as error that the court allowed the plaintiff to prove declarations of Nicholls concerning his ownership of the property made while in possession of the property. We think that it is always competent to prove that a person is in possession of property and that he claims it. If a man says, this is my horse, when he is in possession of the property, such declaration may be proved to show that he claims it, as well as exercising control over the property may be shown to prove the same thing; the act and the language go together to explain one another. (*Weinrich et al* v. *Porte*, 47 Mo. 293.)

The foregoing are the only important questions presented; and we think there was no error, and the judgment of the circuit court will be affirmed.