[No. 1791. Decided November 26, 1895.]

G. S. HELPHREY, *Appellant*, v. PAUL STROBACH *et al.*, *Respondents.*

APPEAL — PLEADING AND PROOF IN EQUITABLE ACTION — CHATTEL MORT-
GAGE — DISCHARGE OF LIEN BY TENDER.

In an equitable proceeding, the appellate court will consider an insufficient pleading as amended to correspond with the facts proved.

· The refusal of a mortgagee of chattels to accept a tender of the balance due, made before the bringing of action to foreclose, will destroy the lien of the mortgage.

Appeal from Superior Court, Spokane County—Hon. NORMAN BUCK, Judge. Affirmed.

*W. D. Scott*, and *R. E. Porterfield*, for appellant.

*Adolph Munter*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This was a proceeding to foreclose a

chattel mortgage, under statutory notice and sale, to collect a balance due on a certain promissory note secured by such chattel mortgage, with interest at the rate of two per cent. per month, together with an attorney's fee. After the proceeding to so foreclose had been commenced, the judge of the superior court of Spokane county made an order on the plaintiff, appellant here, compelling him, at the request of the defendants, Paul Strobach and Rosalia Strobach, to file his complaint in the superior court of Spokane county to foreclose said chattel mortgage, and the defendant S. M. Babcock claimed a lien upon the same personal property by reason of a junior mortgage.

Upon the trial of the cause the court found that the mortgage of defendant Babcock was the only valid subsisting mortgage on the property, and adjudged the appellant's lien to be destroyed, extinguished and discharged. The appellant contends that the court erred in not granting his request for a judgment upon the pleadings, in overruling appellant's objection to respondents' introduction of testimony to substantiate their affirmative plea of tender, in admitting matters foreign to the matters in issue during the trial of the cause, and in adjudging that any of the respondents' alleged tenders were good and sufficient; and the culminating error alleged is that of adjudging plaintiff's mortgage discharged and canceled.

Even had the answer of the respondents not been entirely sufficient, this being an equitable proceeding, the court would consider the pleading amended in accordance with the facts proven. But we think that the answer was sufficient to raise the issue of tender.

The court makes a great many findings in this case, showing the unconscionable and oppressive conduct

9—13 WASH.

of the appellant in relation to this mortgage and the methods he pursued to prevent its payment and the uses to which he attempted to apply it; and he also finds that on different occasions before the commencement of the action a tender was made of the balance due, and that said tender was refused; and the testimony shows such to be the case. It is true that some of these tenders were made on conditions, but other tenders were made absolute and unconditional, sufficient, we think, under all the authorities, to destroy the lien.

Not only the case itself, but the briefs of counsel are of a painfully personal nature, and without especially reviewing all the findings of fact made by the court, an inspection of the testimony convinces us that such findings were at least justified, and the court having the witnesses before him and being better able to judge of their credibility than an appellate court, we do not feel justified from the record in disturbing his findings; and as the conclusions of law, we think, follow legitimately the findings made, the judgment will be affirmed.

HOYT, C. J., and SCOTT and ANDERS, JJ., concur.

GORDON, J., not sitting.