BOSTON AND KANSAS CITY CATTLE LOAN COMPANY v. J. D. DICKSON.

(Filed July 17, 1902.)

**CONTRACT FOR PERSONAL SERVICES—Who Not Liable for.** Williams Brothers & Harrington were the owners of a herd of cattle and they employed one J. D. Dickson to herd and care for them at the stipulated price of $30.00 per month. When Dickson quit work there was due him the sum of $177.60. At the time the contract was made between Williams Bros. & Harrington, the Boston and Kansas City Cattle Loan Co. had a chattel mortgage on these cattle and the contract was made for the employment of Dickson with its knowledge, and it assented and agreed to the employment, but did not agree to pay for such services. Held, in a suit by Dickson against the Boston and Kansas City Cattle Loan Co. to recover for such wages that the defendant was not liable therefor, and also held that the plaintiff had no lien on the cattle covered by the chattel mortgage.

(Syllabus by the Court.)

*Error from the Probate Court of Washita County; before Richard A. Billups, Probate Judge.*

*Blake, Blake & Beeks,* for plaintiff in error.

*J. K. Little,* for defendant in error.

Opinion of the court by

BURWELL, J.: Williams Bros. & Harrington were the owners of a herd of cattle and employed the defendant in error at an agreed price of thirty dollars per month to herd, feed and to generally care for such cattle. At the time of the making of this contract the plaintiff in error held a chattel mortgage against these cattle which Dickson was employed by Williams Bros. & Harrington to herd. The petition also alleges that the contract for services between the defendant in error and Williams Bros. & Harrington was well known by the plaintiff in error, and agreed to by it. Dickson worked under this contract until he had earned the sum of four hundred and fifty dollars, two hundred and seventy-two dollars and forty cents of which had been paid, leaving a balance due him of one hundred seventy-seven dollars and sixty cents. For this amount he sued the mortgagee, the Boston and Kansas City Cattle Loan company, in the probate court of Washita county. The defendant demurred to the petition, which was overruled, and judgment rendered in favor of Dickson for the amount prayed, and the defendant appeals.

The record in the case presents but the one question as to whether under the above state of facts the mortgagee can be held for the payment of such services, even though the contract with Williams Bros. & Harrington was made with its knowledge, and was assented to or agreed to by it. We think not. There is no allegation anywhere in the petition to the

effect that the Boston and Kansas City Cattle Loan company employed Dickson or agreed to pay him for his services, but on the contrary the petition alleges in substance that the contract was made with Williams Bros. & Harrington. Dickson claims, though, that the statutes give him a lien on the cattle which he cared for, and in support of this contention cites section 1 of art. 5 of chap. 2 of the Statutes of 1893.

It is as follows:

"Every person who shall keep, board or train any horse, mule or other animal, shall for the amount due thereof, have a lien on such animal, and on any vehicle, harness or equipment coming into his possession therewith, and no owner or claimant shall have the right to take any such property out of the custody of the person having such lien, except with his consent, or on the payment of such rent; and such lien shall be valid against said property in the possession of any person receiving or purchasing it with notice of such claim."

This section does not apply to cattle in the possession of the owner, and which is simply being herded and cared for by a hired hand who is working by the month. This section has reference to persons who train animals, to persons who board animals, and to persons who take animals in their possession and keep them for the owner. But the defendant also cites sec. 31 of chap. 48, of the Statutes of 1893, as giving him a lien. This section is in the following language:

"Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by labor or skill employed for the protection, improvement, safe-keeping or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner for such service."

This section, like the other one relied upon by defendant in error, has no application to a case like the one at bar. If

Dickson had taken possession of the cattle and cared for them and fed them for plaintiff under a contract to do so, then there might be some reason in the contention but if Dickson has a lien on the cattle which he was herding, then under the same reasoning every farm hand has a lien on the corn which he husks, on the wheat which he cuts, on the horses which he feeds and cares for and so on. That was not the intention of the legislature.

Dickson's possession of the cattle was the possession of his employer; but if Dickson had had a lien on the cattle, (which he did not have), by bringing suit and attaching the property he would have waived such lien.

The petition did not state a cause of action against the appellant, and therefore the demurrer interposed in the trial court on that ground should have been sustained.

The judgment of the lower court is reversed, and cause remanded with direction to sustain said demurrer, and to proceed in conformity with the views expressed herein. Costs taxed to appellee, which shall include cost of transcript, amounting to $3.70.

All the Justices concurring, except Irwin, J., absent.