[No. 7050. Decided February 27, 1908.]

CALVIN THOMAS, *Respondent*, v. SEATTLE BREWING & MALTING COMPANY et al., *Appellants*.[1]

CHATTEL MORTGAGES — PAYMENT — TENDER AFTER DEFAULT. A tender of the amount due on a chattel mortgage, with costs, made before sale, discharges the lien of the mortgage, pending foreclosure, rendering a sale thereunder void.

TENDER—KEEPING GOOD—PAYMENT INTO COURT—REPLEVIN. In an action of claim and delivery for property wrongfully sold under a chattel mortgage, the tender of the amount due on the mortgage before foreclosure sale, entitling the plaintiff to the property, need not be kept good by bringing the money into court.

CHATTEL MORTGAGES — TENDER — SUFFICIENCY. A tender of the amount due on a chattel mortgage before sale, made by one to whom the mortgagor had sold the property, will be held sufficient where the amount was concededly correct and the jury found upon proper instructions that the rights of the party making the tender were disclosed to the officer or mortgagee.

MOUNT, FULLERTON, and ROOT, JJ., dissenting.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered May 7, 1907, upon find-

[1]Reported in 94 Pac. 116.

ings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of replevin. Affirmed.

*William A. Greene* and *Gordon D. Eveland,* for appellants, contended, among other things, that tender after default does not discharge the lien of a chattel mortgage. *Brown v. Bement,* 8 Johns. 96; *Langdon v. Buel,* 9 Wend. 80; *Patchin v. Pierce,* 12 Wend. 61; *Jackson v. Cunningham,* 28 Mo. App. 354; *Blodgett v. Blodgett,* 48 Vt. 32; *Alexander v. Mcyenberg,* 112 Ill. App. 223; *Holzhausen v. Parkhill,* 85 Wis. 446, 55 N. W. 892; *Hill v. Merriman,* 72 Wis. 483, 40 N. W. 399; *John O'Brien Lumber Co. v. Wilkinson,* 123 Wis. 272, 101 N. W. 1050. The tender must be kept good. *Gauche v. Milbrath,* 94 Wis. 674, 69 N. W. 999; *Smith v. Phillips,* 47 Wis. 202, 2 N. W. 285; *Schaffer v. Castle,* 6 Ind. Ter. 244, 91 S. W. 35; *Maxwell v. Moore,* 95 Ala. 166, 10 South. 444, 36 Am. St. 190; *Himmelmann v. Fitzpatrick,* 50 Cal. 650.

*E. C. Dailey* (*G. C. Israel* and *Frank C. Owings,* of counsel), for respondent, contended, that under our statute a chattel mortgage conveys no title. *Byrd v. Forbes,* 3 Wash. Terr. 318, 13 Pac. 715; *Silsby v. Aldridge,* 1 Wash. 117, 23 Pac. 836; *Kerron v. Northern Pac. Lum. & Mfg. Co.,* 1 Wash. 241, 24 Pac. 445; *Binnian v. Baker,* 6 Wash. 50, 32 Pac. 1008; *Sayward v. Nunan,* 6 Wash. 87, 32 Pac. 1022; *Voorhies v. Hennessy,* 7 Wash. 243, 34 Pac. 931; *Brookman v. State Ins. Co.,* 15 Wash. 29, 45 Pac. 655, 46 Pac. 243. It was not necessary to keep the tender good after its refusal and conversion of the property. *Gauche v. Milbrath,* 94 Wis. 674, 69 N. W. 999; *Lambert v. Miller,* 38 N. J. Eq. 117; *Weeks v. Baker,* 152 Mass. 20, 24 N. E. 905; *Roberts v. White,* 146 Mass. 256, 15 N. E. 568; *Schayer v. Commonwealth Loan Co.,* 163 Mass. 322, 39 N. E. 1110; *Bacon v. Hooker,* 173 Mass. 554, 54 N. E. 253; *Shattuck v. Cole,* 91 Mich. 580, 52 N. W. 69; *Blaisdell v. Scally,* 84 Mich. 149,

47 N. W. 585; *Bateman v. Blaisdell,* 83 Mich. 357, 47 N. W. 223; *Bateman v. Blake,* 81 Mich. 227, 45 N. W. 831; *Flanders v. Chamberlain,* 24 Mich. 305; *Moore v. Norman,* 43 Minn. 428, 45 N. W. 857, 19 Am. St. 247, 9 L. R. A. 55; *Bartel v. Lope,* 6 Ore. 321; *Mitchell v. Roberts,* 17 Fed. 776; *Lord v. Horr,* 30 Wash. 477, 71 Pac. 23; *Davies v. Dow,* 80 Minn. 223, 83 N. W. 50; *Lampley v. Weed & Co.,* 27 Ala. 621.

RUDKIN, J.—On the 5th day of March, 1904, W. M. Hart mortgaged certain personal property to the Seattle Brewing & Malting Company, to secure the payment of the sum of $1,000, payable in installments of $50 per month. Hart made default in his payments, and the mortgagee proceeded to foreclose its mortgage by notice and sale under Bal. Code, § 5870 *et seq.* (P. C. § 6536). The date of sale was fixed for January 8, 1907. On the day preceding, Hart transferred the mortgaged property, or at least the greater portion of it, to the plaintiff in this action. On the 8th day of January, and prior to the sale, the full amount of the mortgage debt, with interest and accrued costs, was tendered to the sheriff and mortgagee, but the tender was refused and the property was thereafter sold and bid in by the defendant brewing company. This action was thereupon brought in claim and delivery, against the sheriff and the purchaser, for a return of the property and damages, or for judgment for the value in case a return could not be had. From a judgment in favor of the plaintiff, the defendants have appealed, and the following questions are presented for the consideration of this court: (1) Does a tender of the amount due under a chattel mortgage before sale discharge the mortgage lien; (2) if so, in an action of claim and delivery to recover the mortgaged property, must the tender be kept good; and (3) was a sufficient tender shown in this case.

"At common law a tender of the mortgage debt on the law-day satisfies the condition of the mortgage, and discharges

the property from the incumbrance as effectually as payment; but the debt remains, and its payment may be enforced by an action at law against the mortgagor. And in pleading a tender on the law-day in discharge of the condition of the mortgage, the mortgagor is not required to allege continued readiness to pay, nor need he bring the money into court. The tender, when made, discharges the incumbrance, not conditionally, but absolutely and forever." *Mitchell v. Roberts,* 17 Fed. 776.

See, also, Jones, Mortgages (6th ed.), § 891; *Kortright v. Cady,* 21 N. Y. 343; *Moore v. Norman,* 43 Minn. 428, 45 N. W. 857, 19 Am. St. 247, 9 L. R. A. 55.

This was the established rule at common law when tender was made on the law-day, and also in case of pledges of personal property where title did not pass until after sale. In the states where both real and chattel mortgages have been converted into mere liens, it has very generally been held that a tender at any time before foreclosure and sale has the same effect as a tender on law-day at common law, and there would seem to be no sound reason why the rule should be otherwise. *Bartel v. Lope,* 6 Ore. 321; *Moynahan v. Moore,* 9 Mich. 8; *Flanders v. Chamberlain,* 24 Mich. 306; *Loughborough v. McNevin,* 74 Cal. 250, 14 Pac. 369, 15 Pac. 773, 5 Am. St. 435. Nor is it necessary that the tender should be kept good or the money brought into court. *Moore v. Norman, Flanders v. Chamberlain* and *Mitchell v. Roberts, supra.* In *Weeks v. Baker,* 152 Mass. 20, 24 N. E. 905, the court said:

"We have been referred to no precedent for holding, in accordance with the defendant's contention, that a plaintiff before bringing his suit should carry into court the money tendered, or that, having brought a suit which he had a right to bring, his right to maintain it will be forfeited unless he makes profert of money at the time of entering his writ. The rights of the parties to an action are ordinarily to be determined as of the time of bringing the suit. This is always so unless something that has afterwards occurred which may properly be pleaded is shown in defence."

In order that a tender may have the effect of discharging a mortgage lien, the proof must be clear that the tender was fairly made and deliberately and intentionally refused by the owner of the mortgage or some person duly authorized to act for him. In this case the fact and sufficiency of the tender are conceded in so far as the amount is concerned, but it is contended that the tender was not made by the mortgagor, and that the rights of the parties who made the tender were not disclosed or made known to the officer or the mortgagee. But the jury were fully and fairly instructed on this point, and we are not disposed to interfere with their verdict.

The judgment of the court below is therefore affirmed.

HADLEY, C. J., CROW, and DUNBAR, JJ., concur.

ROOT, J., dissents.

MOUNT, J. (dissenting)—I think there was no proper tender made prior to the sale, and therefore dissent.

FULLERTON, J., concurs with MOUNT, J.