## SMITH-WOGAN HARDWARE & IMP. CO. v. BICE.

No. 1890.   Opinion Filed July 18, 1912.

(125 Pac. 456.)

1. **CHATTEL MORTGAGES**—Construction—Lien. In Oklahoma a chattel mortgage creates a lien on the mortgaged property in favor of the mortgagee, and does not convey the title to the property.

2. **SAME**—Tender of Payment—Sufficiency. An unconditional tender of the amount of the debt secured by the mortgage, though after the date it fell due, discharges the mortgage lien, whether the tender is kept good and the money paid into the court or not.

3. **SAME.** Where the mortgagor offered the money in payment of the mortgage, without requiring the mortgagee to do anything except take it, the tender was not rendered conditional by the statement of the mortgagor that when he paid it he intended to sue the mortgagee for damages.

4. **TRIAL**—Instructions—Applicability to Evidence. It is not error to refuse a requested instruction to the effect that, if the mortgagor demanded a receipt, the tender was not unconditional, where the evidence shows that the mortgagor asked for his note and mortgage, but did not make their delivery to him a condition of the payment, and the undisputed evidence is that the mortgagee refused the tender, because the mortgagor threatened to sue for damages as soon as he had paid the debt.

(Syllabus by Rosser, C.)

*Error from Comanche County Court;*
*James H. Wolverton, Judge.*

Action by Smith-Wogan Hardware & Implement Co. against J. L. Bice. Judgment for defendant, and plaintiff brings error. Affirmed.

*W. E. Earle,* for plaintiff in error.

Opinion by ROSSER, C.  This was a replevin action by Smith-Wogan Hardware & Implement Co. against J. L. Bice, brought originally in the justice of the peace court of the city of Lawton, to take possession of certain personal property by virtue of a chattel mortgage executed by the defendant.  The case was appealed to the county court, and judgment was there rendered for defendant.  This appeal was taken from that judgment.

The execution of the mortgage, by virtue of which plaintiff claims possession, was admitted; and it was also admitted that the note had not been paid.  The defense was that the defendant, prior to the bringing of the suit, tendered plaintiff the amount due on the note the mortgage was given to secure.  The jury found there had been a tender.

The evidence, as it appears in the case-made, shows that, prior to the bringing of the suit, defendant tendered plaintiff the amount due on the note.  The defendant had been arrested on complaint of plaintiff's managing officer upon a charge of disposing of mortgaged property; and Mr. Wogan, who represented the plaintiff in the matter, testified that defendant told him at the time of the tender that when he paid him he intended to prosecute plaintiff for false imprisonment.  Mr. Wogan then refused to take the money, and thereafter plaintiff brought this suit.  Defendant denied making any threat whatever at the time of making the tender.  After the tender was refused, defendant returned the money which he had tendered to the person from whom he had borrowed it, and did not keep the tender good by paying it into court.

Plaintiff contends that the tender was not sufficient to discharge the lien of the mortgage, because it was not kept good by paying or offering to pay the money into court.  It seems to be the general rule in those states where a chattel mortgage vests title to the mortgaged chattel in the mortgagee that, in order to avail, the tender must be kept good.  The rule is otherwise as to liens.  It is the rule that an unqualified and unconditional tender discharges a lien, whether the tender is kept

good or not.    38 Cyc. 163; Hunt on Tender, sec. 378, and following.

The reason for this rule is well stated by Judge Caldwell, in the case of *Mitchell v. Roberts* (C. C.) 17 Fed. 776:

"In the case at bar, the question is whether a tender of the debt, after its maturity, extinguishes the lien on personal property pledged to secure its payment.    Upon this question there is no conflict in the authorities.    The rule is settled that a tender of the debt, for which the property is pledged as security, extinguishes the lien, and the pledgor may recover the pledge, or its value, in any proper form of action, without keeping the tender good or bringing the money into court, because, like a tender of the mortgage debt on the law day, the tender having once operated to discharge the lien, it is gone forever.    This rule accords with justice and fair dealing.    It would be an exceeding great hardship on the debtor if the creditor had the right to refuse to accept payment of the debt after it was due, and at the same time retain the debtor's property or a lien upon it for the debt.    Advantageous sales would be prevented, collections delayed, and credit lost by the inability of the debtor to free his property.    In many cases debtors would be ruined before they could obtain relief by the slow process of a bill in equity to redeem.    And on a bill to redeem a debtor would have to pay interest and costs down to the decree, unless he had kept the tender good.    Thus the debtor, in order to protect himself against interest and costs, would be deprived of both his property and the use of his money at the pleasure of his creditor, or until the end of a chancery suit could be reached.    On the other hand, a creditor who refuses to receive payment of his debt, when lawfully tendered, cannot complain at the loss of his security for that debt, 'because it shall be accounted his own folly that he refused the money when a lawful tender of it was made unto him.'"

Under the statutes of this state, a chattel mortgage does not convey title to the mortgaged property, but only creates a lien. Comp. Laws 1909, sec. 4415; *Litz v. Exchange Bank*, 15 Okla. 564, 83 Pac. 790; *Hixon v. Hubbell*, 4 Okla. 224, 44 Pac. 222.

In the states where a chattel mortgage does not vest title in the mortgagee, but only creates a lien in his favor, the same rule is applied in favor of the mortgagor as in the case of liens; and it is held that, when the mortgagor makes an unconditional tender, the lien of the mortgage is discharged unconditionally,

and that the tender need not be kept good. *Thomas v. Seattle Brewing & M. Co.,* 48 Wash. 560, 94 Pac. 116, 15 L. R. A. (N. S.) 1164, 125 Am. St. Rep. 945, 15 Ann. Cas. 494; *Helphrey v. Strobah,* 13 Wash. 128, 42 Pac. 537; *Moore v. Norman,* 43 Minn. 429, 45 N. W. 857, 9 L. R. A. 55, 19 Am. St. Rep. 247; *Bartel v. Lope,* 6 Ore. 321. See *Flanders v. Chamberlain,* 24 Mich. 305; Jones on Chattel Mortgages (5th Ed.) 637; Hunt on Tender, sec. 375.

It follows that in this state it is not necessary to keep a tender good by paying the money into court. to discharge a lien of a chattel mortgage. This, of course, does not affect the right of the creditor to recover a personal judgment. The tender does not discharge the debt.

It is urged that the tender was not unconditional. The evidence of Mr. Wogan is that defendant told him that he was going to pay the debt, and when he paid it he intended to prosecute the plaintiff for false imprisonment. This was denied by the defendant. The court instructed the jury that the tender must have been of the entire amount, and must have been offered unconditionally. As the evidence was conflicting, the jury had the right to take defendant's statement as to what occurred. But the threat to prosecute was not a condition at all. It was a mere warning to plaintiff as to what he might next expect. The plaintiff was not required to do anything except take the money. Taking the money would not have in any way impaired any defense to the prosecution the plaintiff had. The defendant, if he had a cause of action against the plaintiff, could have brought it, whether the tender was accepted or not.

Plaintiff claims error in the refusal of the court to charge that if defendant demanded a receipt the tender was not valid. There was evidence that defendant testified on the trial in the justice court that he demanded his note and mortgage, but he denied this; and Wogan does not testify that he made it a condition of the tender that he receive his note and mortgage. Wogan made it clear that he refused the tender, because he was threatened with a prosecution. There is no evidence that it was a condition of the tender that the note and mortgage should

be surrendered. The court did not commit error in refusing the instruction asked.

The judgment should be affirmed.

By the Court: It is so ordered.