## STATE EXCHANGE BANK v. PURCELL BANK & TRUST CO.

No. 11120—Opinion Filed Sept. 25, 1923.

(Syllabus.)

1. Chattel Mortgages—Rights Conveyed.

A chattel mortgage does not convey title to the mortgaged property, but only creates a lien thereon..

2. Same—Right of Mortgagee of Crops to Lien on Mortgaged Cattle Fed Such Crops.

Where a person feeds his mortgaged crops to his cattle, which are mortgaged to another person, the holder of the mortgage on the crops acquires no lien on the mortgaged cattle by reason of section 3983, Comp. Stat. 1921, which provides for a lien to persons furnishing feed to owners of domestic animals, as such statute applies to those furnishing feed to the owners of the cattle and has no application where the feed and the cattle are owned by the same person although the feed is mortgaged to one person and the cattle to another.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by the State Exchange Bank of Oklahoma City against the Purcell Bank & Trust Company and another. From the judgment, plaintiff brings error. Reversed and remanded, with directions.

Ledbetter, Stuart, Bell & Ledbetter and Pearson & Baird, for plaintiff in error.

C. G. Moore, for defendant in error.

COCHRAN, J. Plaintiff in error filed its suit in replevin against H. G. Rogers and the Purcell Bank & Trust Company, as defendants, for possession of certain cattle and damages for the unlawful detention of the same. The defendant R. G. Rogers made no defense, and judgment was rendered against him in favor of the plaintiff by default. The Purcell Bank & Trust Company filed its answer, asserting the right to the possession of the cattle by reason of a lien against the cattle for feed and pasture for the said cattle furnished at the request of R. G. Rogers and with the consent of the plaintiff. Judgment was rendered by the trial court for the plaintiff for the possession of the cattle subject to the lien of the defendant Purcell Bank & Trust Company for its feed claim in the sum of $1,680, and interest. From this judgment the plaintiff has appealed.

The undisputed evidence shows that the defendant Purcell Bank & Trust Company held a chattel mortgage executed by R. G. Rogers on certain crops belonging to him,

located in McClain county, Okla., and that the plaintiff, State Exchange Bank of Oklahoma City, held a mortgage executed by R. G. Rogers on the cattle in controversy, which were owned by R. G. Rogers and located in McClain county, Okla. During the time that these mortgages existed, and while Rogers had possession of the crops and the cattle, the crops which were mortgaged to the defendant were by him fed to the cattle which were mortgaged by him to the plaintiff. Both plaintiff and defendant had knowledge of the fact that the crops were being fed by Rogers to the cattle which were mortgaged to the plaintiff. The defendant claims that it is entitled to a lien on the cattle under section 3983, Comp. Stat. 1921, which reads:

"Any person, partnership, firm or corporation in this state or in any border county of the adjacent states, furnishing or providing to the owner of such domestic animals any corn, feed, forage or hay, for the sustenance of such domestic animals, shall have a lien on said animals for the amount due for such corn, forage, feed and hay."

It is the contention of the defendant that it had a special ownership in the feed by reason of its chattel mortgage on the crops belonging to Rogers, and, therefore, comes within the provisions of the above statute. This court has held that a chattel mortgage does not convey title to the mortgaged property, but only creates a lien thereon. Litz v. Exchange Bank of Alva, 15 Okla. 564, 83 Pac. 790; Smith-Wogan Hardware & Imp. Co. v. Rice, 34 Okla. 294, 125 Pac. 456; Nicholson v. Bynum, 62 Okla. 167, 162 Pac. 740; First State Bank of Lamont v. Ware, 71 Oklahoma, 174 Pac. 273.

The above statute gives to the person furnishing feed to the owner of domestic animals a lien on such animals; but in this case the defendant did not own the feed and did not furnish it. The feed was owned by Rogers and fed by him to his own cattle, and, under these circumstances, defendant acquired no lien on the cattle by reason of the above statutes.

The judgment of the trial court is reversed, and cause remanded, with directions to enter judgment for the plaintiff for the possession of the cattle and against the defendant on its lien claim.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.