Note.—See under (1) 35 C. J. p. 261; (2) 35 C. J. p. 278; (3) 26 Cyc. pp. 1335, 1462, 1473; (4) 38 Cyc. p. 1711; (5) 26 Cyc. p. 1443; (6) 38 Cyc. p. 1787; (7) 29 Cyc. p. 657; (8) 17 C. J. pp. 1344, 1347.

---

## EASTWOOD v. GLOVER et al.

No. 15386—Opinion Filed June 16, 1925.

Rehearing Denied Oct. 13, 1925.

1. **Appeal and Error—Right of Defendant in Error to Urge Error Without Filing Cross-Petition in Error.**

As a general rule the court will not consider whether or not, on the trial of the case, there was error in a ruling against defendant in error when such ruling is not involved in any error assigned by plaintiff in error, in the absence of a cross-petition in error, but where the ruling complained of by defendant in error is a material question involved in his defense, yet does not affect or defeat his relief in the trial court, but might defeat it on appeal by plaintiff in error, and said ruling is involved in error assigned by plaintiff in error, defendant in error is not estopped by the general rule to urge his contention on the question so involved.

2. **Animals—Liens for Labor and Feed—Construction of Statutes.**

The liens provided for in sections 3982 and 3983, Comp. St. 1921, do not arise out of the relation of landlord and tenant, but depend upon a contract of employment to render personal services in feeding, grazing, or herding domestic animals, or the fact of furnishing or providing to the owner corn, feed, forage, or hay, for the sustenance of such animals.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Mary R. Eastwood against V. P. Glover and Farmers & Merchants National Bank of Roff, to recover a money judgment against Glover and fix a lien on domestic animals and foreclose same against both defendants. Judgment for plaintiff for money against the defendant Glover, and awarding lien in favor of plaintiff, but holding that the bank's mortgage was superior thereto, from which judgment plaintiff appeals. Modified and affirmed.

McKeown & Green, for plaintiff in error.

J. F. McKeel and Robt. S. Kerr, for defendants in error.

Opinion by THREADGILL, C. This action was brought by the plaintiff in error, as plaintiff, against defendants in error, as defendants, to recover $400 claimed to be due from defendant Glover as pasturage rental on 200 acres of land, for two years, from November 1, 1919, to November 1, 1921, at $200 a year, and to foreclose a lien on certain stock, claimed by virtue of furnishing said pasture, against claims and demands of both defendants.

Plaintiff filed her petition November 4, 1921, in which she alleged that on or about November 1, 1919, she made a verbal contract with defendant V. P. Glover to furnish him 200 acres of land for pasturage for certain stock, cows, calves, horses, and

mules, and he was to pay $200 a year for same; that he has used the said pasture two years and had failed to pay anything for same, and that he owed her $400; that she has a lien on the stock for having been kept on said pasture, describing the same, and that the said stock were still on her farm and she was entitled to any pasturage rent accruing after this action commenced. She further alleged that the defendant Merchants National Bank of Roff, on January 9, 1920, took a chattel mortgage from said Glover on a part of the stock described, to secure an indebtedness of $500; that the mortgage was filed in the county clerk's office in Ada, January 12, 1920; that said bank took its mortgage with notice and knowledge of plaintiff's right to a lien on said property; that the mortgage lien is junior to the plaintiff's lien, upon which state of facts she prays judgment for the sum of $400 against Glover, and foreclosure of her lien against both defendants.

The defendant V. P. Glover filed his answer to the petition, which consisted of a general denial, except certain facts admitted. Defendant admitted that on or about November 1, 1919, he rented a certain farm from plaintiff, being the farm mentioned in the petition, but denied her ownership, and alleged the facts to be that said farm belonged to T. H. Eastwood, deceased, which after his death became the property of plaintiff and the five or six children of said T. H. Eastwood; he further stated that at the time he rented the farm he bought 13 head of cattle from the plaintiff and $500 worth of feed stuff, including corn, hay, etc., and that he borrowed the $500 from his codefendant bank to pay for the feed; that he fed the stock during the winters and pastured them during the summers on the said farm; that the day after the suit was filed and before summons was served on him he returned the plaintiff's 13 head of cattle, bought from her, with their increase, in full settlement of all his indebtedness to her, including the $400 sued for, and he owed plaintiff nothing whatever.

Defendant further stated that he had the cattle and stock in his possession and the grass land and farm where they were pastured, and by cross-petition he alleged that the plaintiff was indebted to him for the sum of $120 for pasturing the 30 head of cattle turned over to her from November 5, 1921, to January 1, 1922, being $2 a head per month for that time. This for the reason she did not remove them from the pasture he was in possession of.

The defendant bank first filed a demurrer, which being overruled it answered to the petition by general denial, except the facts admitted. It was admitted that Glover rented the farm as alleged, and it took the chattel mortgage; it stated that the contract between plaintiff and defendant Glover was the ordinary rental contract for farm lands, and that none of the live stock described in its mortgage constitute crops growing on said premises, and, therefore, plaintiff had no lien on the stock growing out of said contract. It further stated that plaintiff was never in possession of said stock, but they were at all times in the possession of the defendant Glover. Defendant bank also denied that plaintiff was the owner of the lands rented to Glover. Plaintiff filed her reply, consisting of a general denial. On motion of plaintiff to make the heirs of T. H. Eastwood, deceased, parties plaintiff to the action, Helen Eastwood, a daughter, was made a party over the objection and exception of defendants. The issues as thus joined were tried to the court and jury January 23, 1923. The court submitted the question of indebtedness between the parties to the jury and the court passed on the question of the liens claimed by the parties. The jury found for the plaintiff in the sum of $280, with 6% interest per annum from November 1, 1921, and the court found that the plaintiff had a lien on the cattle mentioned in the petition, and the defendant bank had a valid mortgage on them and the mortgage lien was superior to the plaintiff's lien, and the bank having foreclosed its' lien and sold the cattle, the proceeds of the sale were not sufficient to pay the claim, and there was nothing left to be applied on plaintiff's lien, and rendered judgment accordingly, and from this judgment the plaintiff has appealed.

1. Plaintiff contends that the one question decisive of the case is whether or not the mortgage lien held by the bank was entitled to priority over the lien of the plaintiff as found and decided by the court. Plaintiff contends that since the court held, by the judgment, that she had a lien, and the defendants did not appeal from this holding of the court, that they cannot question the correctness of this part of the judgment. The defendants contend that they have a right to urge the same theory of their case in this court, in upholding the conclusion of the judgment of the trial court, that they contended for in the trial of the case, and that the question to be determined in this appeal is whether or not the plaintiff had any lien under the facts of the case.

As a general rule, plaintiff's contention that a defendant cannot complain of any holding of the court against him in the trial where he does not bring up the error by appeal or by cross-petition in error, is true, except in a case where the ruling complained of is against his contention, yet does not defeat his relief in the trial court, but might defeat him on appeal by plaintiff, and said ruling is involved in the error assigned by the plaintiff in error. Holland v. Scheruble Heating, Plumbing & Repair Shop, 99 Okla. 141, 226 Pac. 39.

In the instant case there was nothing for the defendant to appeal from so far as the liens involved were concerned. The effect of the judgment, sustaining the validity of the mortgage and awarding to the bank all the property under it, gave them all they asked for, but when the plaintiff appealed and alleged that the court committed error in holding the bank's lien superior to plaintiff's lien, the validity of plaintiff's lien is involved in this assignment, and to sustain the judgment as to the mortgage the defendants are not estopped from denying plaintiff's lien here the same as they denied it in the trial court.

Defendants contend, in their brief, that the record does not show that plaintiff offered any objection or made any exception to the judgment of the court at the time it was rendered, and that plaintiff has failed to comply with rule 25 in setting out in the abstract of her case the motion for a new trial, and ruling of the court, and exceptions, if any, taken, and for these reasons the appeal should be dismissed.

A consideration of these contentions might successfully dispose of the appeal without reaching the merits, but, since the construction of the statute is involved on the merits, we prefer to lay out of our consideration these technical questions and discuss the case and decide it on its merits.

2. There are two provisions of the statutes, sections 3982 and 3983, which provide for liens on domestic animals. The first reads as follows:

"Any person employed in feeding, grazing, or herding any domestic animals whether in pasture or otherwise, shall have a lien on said animals for the amount due for such feeding, grazing, or herding."

The key word used in fixing the lien provided for by this section is the word "employed" and the lien comprehends a contract for personal services rendered in feeding, grazing, and herding, and not in the sense of a hired hand, but in the sense of one

who is responsible for his services in these particulars, without any directions from the owner except those provided in the contract. Boston, etc., Cattle Co. 1. Dickson, 11 Okla. 680, 69 Pac. 889; Crismon, Sheriff, v. Barse Live Stock Com. Co., 17 Okla. 117, 87 Pac. 876.

Under this section the plaintiff could not have a lien because it cannot be said that she contracted to render service in any manner in pasturing or looking after the stock, nor did she render any service in feeding or grazing them. She rented the pasture to the defendant Glover, and he took possession of the pasture and the cattle and rendered all the services in feeding, grazing, and herding them.

The next section reads as follows:

"Any person, partnership, or firm or corporation in this state, or in any border county of the adjacent states, furnishing or providing to the owner of such domestic animals any corn, feed, forage, or hay, for the sustenance of such domestic animals, shall have a lien on said animals for the amount due for such corn, forage, feed and hay."

The lien provided here differs from the lien in the preceding section in not embracing the element of personal service. It rests upon the facts of furnishing or providing to the owner of the domestic animals corn, feed, forage, or hay for the sustenance of such animals. This difference is pointed out in the case of National Bank of Commerce v. McDaniel et al., 71 Okla. 6, 174 Pac. 286. The court uses this language:

"Under the first section the lien is for the amount due him (McDaniel) for his personal services in feeding, grazing, and herding the cattle, and under the second section for the amount due him for providing for the owner of said domestic animals feed, forage, hay, etc."

It does not appear from the facts in the case at bar that the plaintiff is entitled to a lien under this second section of the statute above quoted, since she performed none of the acts provided for in the statute, and upon which the lien is based. She rented a pasture to the defendant for so much cash value, and this act of renting to the defendant Glover the pasture lands cannot be said to be such an act as is contemplated by the statute as furnishing corn, feed, forage, or hay.

The defendant, Glover, took possession of the land and all the feed, corn, forage, grass, or hay that grew on the premises during the term of the rental contract be-

longed to the defendant and when his stock run on the land and fed on the grass and forage produced it was a case of defendant's stock eating defendant's grass and forage and no lien under the statute could inure thereby to the benefit of the plaintiff. State Exchange Bank v. Purcell Bank & Trust Co., 95 Okla. 197, 218 Pac. 820.

We think the judgment of the trial court should be modified to hold that plaintiff had no lien on the cattle involved, and as thus modified affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 694, (2) 3 C. J. pp. 32, 34.