SCHEB, Acting Chief Judge.
The appellant, a condominium owner, challenges the foreclosure of his home to pay the maintenance assessment imposed by the condominium association. He argues that the foreclosure was improper because it was based on the association’s unjust refusal of his tender of payment. We agree and reverse.
During 1988, a dispute arose between the parties regarding maintenance assessment fees owed by the appellant. The disagreement later expanded to include the association’s demand for attorney’s fees and miscellaneous expenses. On October 20, 1988, the association filed a claim of lien for $413.50.
On November 15, 1988, the appellant tendered a check for $184, which was rejected as an improper partial payment. On December 13, 1988, he retendered the $184 check in addition to another check of $413.50, which the appellant alleges would have brought his account current. In returning the checks as an improper conditional tender, the association cited a notation on one check that read, “This check issued in protest,” and a statement in the appellant’s cover letter that requested the *672 association to “remit all monies not pertaining to the maintenance payments.” On March 28, 1989, the association filed suit to foreclose its claim of lien for maintenance fees, miscellaneous costs, and attorney’s fees.
We do not have a transcript of the trial proceedings; however, we do have copies of various exhibits, a stipulated statement by the parties’ counsel as to the testimony, and a letter from the trial judge to counsel. As best we can determine from the stipulation, in order to find the appellant in default, it was necessary to find that his December 13,1989 payments were properly rejected. According to the letter from the trial judge to counsel, he found that the December 1988 tender was properly rejected as it was conditional because of the cover letter’s statement requesting remittance of non-maintenance payments. The stipulated statement confirms that the final judgment of foreclosure was entered on the basis of improper tender. We think this was error.
The appellant’s payments were a proper tender.[1] A tender is not rendered conditional merely because it is made under protest. Mutual Life Ins. Co. v. Hilander, 403 S.W.2d 260 (Ky.Ct.App.1966). A tender under protest will only be conditional if acceptance is predicated on the recipient being required to take some action. See Jaynes v. Heron, 46 N.M. 431, 130 P.2d 29 (1942). Here, the appellant did not require any action on the association’s part except acceptance. The appellant’s letter simply explained why his tender was in protest and essentially pled for reconsideration of the association’s inclusion of attorney’s fees. See Smith-Wogan Hardware & Implement Co. v. Bice, 34 Okl. 294, 125 P. 456 (1912) (tender with threat to prosecute is not a condition).
Due to the incompleteness of the record, we cannot positively say that the appellant would have been completely current in his payments had the December 1988 payments been accepted. Accordingly, we reverse the final judgment of foreclosure and remand for the trial judge to redetermine the rights of the parties consistent with this opinion.
DANAHY and THREADGILL, JJ„ concur.

. Counsel correctly indicates that Florida case law regarding tender is sparse. Appellant relies on out-of-state cases, and in our research, we have been unable to find more pertinent Florida case law.