QUINCE, Judge.
Both Don A. Gascoyne, appellant/cross-ap-pellee, and Bay Towne Property Owners Association, Inc., appellee/cross-appellant, appeal the trial court’s final judgment in favor of Bay Towne for the sum of $500.64. In 1989, Bay Towne filed a foreclosure action against Gascoyne based on Gascoyne’s failure to pay maintenance fees imposed by the condominium association. The trial court entered an order of foreclosure which was reversed by this court. See, Gascoyne v. Bay Towne Property Owners Association, Inc., 575 So.2d 671 (Fla. 2d DCA 1991). This court held Gascoyne’s tender of the maintenance fees under protest was a proper tender. The case was remanded to redetermine the rights of the parties, including, inter alia, whether acceptance of the disputed tender amount would have made Gascoyne current in his maintenance payments.
On remand, the trial court found the monies tendered by Gascoyne in December 1988 would have been full payment of monies owed including interest, attorney’s fees, and costs. The final judgment awarded Bay Towne the principal sum of $500.64. Because this sum is not only a clerical error but also fails to include the costs and attorney’s fees associated with the claim of lien, we affirm on the issues raised on the appeal and reverse on the cross-appeal issue.
Although the trial court indicated the principal sum due as $500.64, we are confident this is a scrivener’s error. The judge indicated this amount as the sum established in the plaintiff’s affidavit in opposition to the motion for summary judgment. That affidavit indicates the principal sum due from Gas-coyne is $564.00. On remand the final judgment should be corrected to reflect a principal sum of $564.00.
*383 Additionally, the trial court determined Bay Towne was not entitled to costs and attorney’s fees from the time it improperly rejected Gascoyne’s tender, December 1988. The final judgment of $564.00 does not, however, take into account the costs and fees which had accrued at the time of the tender, $200.00 attorney’s fee and $29.50 costs.
We remand this case to the trial court with directions to enter final judgment in the amount of $793.50.
FRANK, C.J., and HALL, J., concur.