## COOK v. OKLAHOMA AUTO SUPPLY CO.

No. 7539—Opinion Filed Jan. 16, 1917.

(162 Pac. 731.)

### Chattel Mortgages — Lien — Superiority of Lien.

A lien evidenced by a chattel mortgage duly executed and lodged for record on December 27, 1910, is superior to a claim asserted by a laborer for improvements placed upon the same automobile embraced in the mortgage, after the passage of chapter 114, Sess. Laws 1911.

(Syllabus by Hooker, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by R. E. Cook against the Oklahoma Auto Supply Company, a corporation. Judgment for defendant, and plaintiff brings error. Reversed, with directions.

Sumner J. Lipscomb, Thomas H. Owen, Joseph C. Stone, and Alvin F. Molony, for plaintiff in error.

Ed Hirsh, for defendant in error.

Opinion by HOOKER, C. The issue here is whether the lien held by Cook of a prior recorded chattel mortgage given to secure the payment of a part of the purchase price is superior to the lien of the company for work performed by it upon the automobile subsequent to the execution and filing of said mortgage for the mortgagor and without the knowledge or consent of the mortgagee.

It appears from the agreed statement of facts upon which this cause was tried that Cargile, Cargile & McDonald purchased the car from Cook, and in order to secure the payment of a part of the purchase price they executed and delivered to him their certain chattel mortgage upon said car, which was duly filed for record in the proper office on December 27, 1910, and there was at the time of the filing of this suit a large sum due and unpaid to the mortgagee; that after said

mortgage was duly lodged in the register's office the mortgagor, without the knowledge or consent of the mortgagee, caused the company here to place some repairs thereon, the value and nature of which are not disputed, and there being a default in the notes secured by said mortgage, the mortgagee, being desirous of foreclosing his mortgage lien upon said car, instituted this action in replevin to recover the possession of said car, asserting he had a valid first mortgage lien upon said automobile, while the company contended it had a lien thereon to the extent of the value of the improvements placed upon same by it, which was prior to the mortgage lien of Cook, although the improvements were placed upon same after the mortgage lien was created, for under the provisions of chapter 114, Session Laws 1911, which was approved March 20, 1911, and became a law on June, 1911, a laborer has a lien prior to all other liens upon the product of his labor to secure the payment of his work. This act is as follows:

"Laborers who perform work and labor for any person under a verbal or written contract, if unpaid for the same, shall have a lien on the production of their labor, for such work and labor: Provided, that such lien shall attach only while the title to the property remains in the original owner."

It will be noted that this suit was filed on September 20, 1911, after the act of 1911 became a law.

We have read and duly considered the opinion of Mr. Commissioner Mathews in the Basham Case, 52 Okla. 536, 152 Pac. 416, but we are of the opinion that the rule announced therein cannot apply here, for at the time the act was passed in 1911, upon which the company relies for the superiority of its lien, Cook had a valid, binding, and subsisting lien upon said car which had been so since December 27, 1910.

This court, in Bank v. Jones, 18 Okla. 559, 91 Pac. 191, 12 L. R. A. (N. S.) 310, 11 Ann. Cas. 1041, said:

"But it is said that our statute changes the general rule, and that in this case the mortgage lien must be held inferior to the lien of the agistor. This cannot be. The statute referred to was adopted February 28, 1901, almost three months after the mortgage had become a valid lien and the rights of the mortgagee completely vested. This statute (chapter 3, Session Laws 1901, p. 43) is as follows:

"'Section 1. That any person or persons employed in feeding, grazing, or herding any domestic animals, whether in pasture or otherwise, shall for the amount due for such feeding, grazing, or herding have a lien on said animals. * * *

"'Sec. 3. All liens not to exceed in the aggregate twenty-five per cent. of the value of such animals against any domestic animal or animals for labor, grazing, herding or feeding, or for corn, feed, forage or hay, furnished the owner of such domestic animals as herein provided and actually used for such purpose, shall be prior to all other liens thereon, and no recital or stipulation in any mortgage or other incumbrance on any cattle so fed shall be held to supersede or vitiate the lien here provided for.'

"The Constitution of the United States, which is the supreme and paramount law of the land and controlling upon all bodies either legislative or judicial within the territories. in article 1, Sec. 10, provides: 'No state shall pass any law impairing the obligation of contracts.' And by the provisions of the Organic Act this provision of the Constitution, as well as all other not locally inapplicable, is put in force in this territory. Organic Act, Sec. 28. An Act of the Legislature which seeks to impair the obligations of a contract, or to impair or destroy vested property rights, is unconstitutional and void. Toledo Railroad Co. v. Hamilton, 134 U. S. 296 [10 Sup. Ct. 546] 33 L. Ed. 905; Crowther v. Fidelity Ins. Co., 85 Fed. 43 [29 C. C. A. 1]; Yeatman v. King, 2 N. D. 428 [51 N. W. 721, 33 Am. St. Rep. 797] 41 Am. St. Rep. 758, note; Giles v. Stanton, 86 Tex. 620 [26 S. W. 615]; Jones on Liens, vol. 1, Sec. 701.

"These authorities lay down the doctrine that a mortgage lien constitutes a vested property right, and after it has attached the Legislature has no power to create a lien superior to the vested interest, or to provide that such vested lien shall be made inferior to a lien subsequently created, and we think this rule sound, and in harmony with reason and justice." See, also, Bank v. Wilson, 52 Okla. 585, 153 Pac. 172.

The judgment of the lower court in favor of the company is reversed, and the court is ordered to enter a judgment for Cook and the enforcement of his mortgage lien.

By the Court: It is so ordered.