## SWETNAM v. HALE.

No. 19291. Opinion Filed Sept. 10, 1929.

A. Lee Battenfield, for plaintiff in error.

A. W. Fisher, for defendant in error.

HERR, C. This is an action originally brought in the district court of Mayes county by Thomas Hale against Beatrice Swetnam to recover the sum of $272.13 for material furnished to repair a building located on the north half (N.½) of the northeast quarter (N. E.¼) of section 32-22-18, Mayes county, and to foreclose a materialman's lien.

The trial was to the court, resulting in a judgment in favor of plaintiff. Defendant appeals.

Numerous errors are assigned by appellant, but the view taken renders it necessary to pass only upon the fourth assign-

ment, that is, that the court erred in overruling her demurrer to the evidence.

It appears from the record that the material used in repairing the building was purchased by J. R. Swetnam, defendant's husband; that the house repaired was located on defendant's allotment, she being a three-sixteenths degree blood Cherokee Indian.

It was the contention of plaintiff that J. R. Swetnam was acting as defendant's agent in the purchase of the material and making repairs on the house. We cannot agree with this contention.

Plaintiff testified that he had no contract with defendant; never talked to her in regard to the matter, and that he charged the material to J. R. Swetnam, her husband. Mr. Hunter, who had the contract to repair the house, likewise testified that he had no contract, conversation or dealings with the defendant in the matter, but dealt exclusively with Mr. Swetnam, and that he rendered him a bill for the labor, and when unsuccessful in collecting the same, filed suit against this defendant. Neither of these witnesses testified to any circumstances which, in the slightest degree, would tend to establish agency between the defendant and her husband.

Counsel for plaintiff, in his brief, does not point out the evidence which he relies upon to establish agency. In fact, he quotes none of the evidence in his brief, but simply makes the assertion that the evidence is sufficient to establish agency, and to sustain the judgment of the court.

We have read the entire record and cannot agree with the conclusion reached by counsel. The only evidence which tends to squint at the question of agency is that of Watt Mayes, uncle of defendant, that upon several occasions he had heard defendant and her husband discuss the question of repairing the house, and that Mr. Swetnam, in the presence of defendant, inquired of him as to who would be a suitable person to employ to repair the house; and the testimony of the defendant that she knew the house needed repairs and had some discussion with her husband relative to making repairs, but that she objected to spending any money on the house; that she did not want any repair work done on the same, and that she did not authorize her husband to repair the same at her expense; but that she did hear him tell Mr. Mayes that he intended to repair the same. Mr. Mayes did not testify that defendant, at any time, agreed to repair the house.

In our opinion, this evidence is wholly insufficient to establish agency. In 18 R. C. L. 901, section 28, speaking on this question, after stating the general rule that in cases of this character agency will not be implied from the marital relation alone, the author says:

"* * * And it is generally held that the mere knowledge of a married woman that her husband is making improvements upon her property is considered insufficient to establish the fact that he is acting as her agent, nor does her mere failure to dissent from the proposed transaction import an intention to bind her real estate. In many instances the agency of the husband is inferred from the circumstances, as when the wife knew that the claimant was working upon the building, and personally gave him directions as to parts of the work, when she participated in conversations between her husband and the contractors relative to the work during the time it was being done, and made no objection at any time, or when she furnished what money was paid on account of some material and the building of the house. The mere giving of some directions to workmen, however, and showing such interest as a wife would take in a building on land belonging to her husband have been considered as insufficient to bind her property when the contract was made with him, and the materials procured on his order, and, for anything that appears to the contrary, were sold on his personal credit, and she did not in fact authorize him to act as her agent, was not consulted about the contract, and had no knowledge of its terms."

There is no evidence that defendant was present at the time the contract was made; or at any time directed the contractor or laborers in the performance of the same; or that she had knowledge that the work was being done; or that she authorized or directed her husband to purchase material on her credit for the repair of the house; or that she in any manner consented thereto. There is no evidence to the effect that she, in any manner, by her act or conduct or otherwise, led plaintiff to believe that her husband was authorized to purchase the material on her credit. There is, as before stated, some evidence to the effect that her husband discussed the question of repairs with her; that he stated in her presence that he intended to repair the house; and that he made some inquiry in her presence as to who would be a proper person to employ to make the repairs. This evidence falls far short of proving agency. Hoffman v. McFadden (Ark.) 19 S. W. 753; Rust-Owen Lbr. Co. v. Holt (Neb.) 82 N. W. 112; Lauer

v. Bandow, 43 Wis. 556; Huntley v. Holt (Conn.) 20 Atl. 469.

In this case, the repairs were of such a nature that the materialman could not have a lien on the improvements independent of a lien on the land, as the same could not be removed therefrom without damage to the freehold. See concluding paragraph of the opinion in the case of Aldridge v. Johnson, 132 Okla. 257, 270 Pac. 322.

Judgment should be reversed and the cause remanded, with directions to enter judgment in favor of defendant.

BENNETT, TEEHEE, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.