## HOLLAND v. WHITESIDE.

No. 23747.   Jan. 29, 1935.

Rehearing Denied April 9, 1935.

E. F. Maley, for plaintiff in error.

Karl E. Jones and R. A. Hockensmith, for defendant in error.

PER CURIAM. The plaintiff in error, R. H. Holland, who was plaintiff below, operates an automobile repair shop in Okmulgee, Okla. He brought suit against M. L. Crowe and R. W. Whiteside to recover a bill for work and material upon an automobile.

The defendant Whiteside owned the car. The defendant Crowe borrowed the car from Whiteside to make a trip, and while so using it had a wreck. Crowe ordered the car repaired by the plaintiff. Plaintiff, during the time he made the repairs, learned that Whiteside was the owner, but made no arrangements with Whiteside.

When the work was finished by the plaintiff, the car was delivered to Crowe. Crowe paid $100 cash, and also $34 in merchandise on the account. The balance is unpaid.

The plaintiff brought an action against both Crowe and Whiteside, in which he sought to replevin the car bottomed on the legal ground that plaintiff had a lien for his work and materials furnished at the instance of Crowe on the car belonging to Whiteside. No service was had upon Crowe, and the action proceeded against Whiteside alone.

In the trial of the case, at the conclusion of plaintiff's evidence showing substantially the foregoing facts, the trial court sustained a demurrer to the evidence.

Plaintiff contends that he is entitled to a lien under section 7438, C. O. S. 1921, which is section 10986, O. S. 1931, which reads as follows:

398

"Blacksmiths, wheelwrights and horseshoers, who perform work and labor for any person, if unpaid for same, shall have an absolute lien, subject to all prior liens, on the product of their labor and upon all wagons, carriages, automobiles, implements and other articles repaired, or horses, or other animals shod by them, for all sums of money due for such work or labor and for any material furnished by them and used in such product, repairs or shoeing."

He claims that Crowe was rightfully in possession of the automobile when he ordered the work to be done, and that under the above section the lien fastens if the work is ordered by any person instead of the owner.

We cannot agree with that contention. Liens may only be created by the owner or some person by the owner's authority.

In 17 R. C. L. 597, the general rule is stated thus:

"A lien can generally be created only by the owner, or by some person by him authorized. Hence, one having possession of an animal under an agreement to purchase by which the vendor retains title until such payment is made, cannot, as against the vendor, create a lien for its board and care. Nor can the bailee of personal property impose a lien for repairs on the property bailed, as against the owner, without his knowledge and consent."

This court, in the case of DeGroff v. Carhart, 97 Okla. 145, 223 P. 180, held as follows:

"In an action to recover possession of an automobile for the purpose of foreclosing a lien for labor and material furnished in its repair, where the evidence was conflicting as to whether the automobile was repaired for the owner, or for another person who had wrecked it while temporarily in control and to whom the plaintiff had agreed to look for payment for such repairs, it was error for the court to instruct the jury that if the repairs were made with the knowledge and consent of the owner, their verdict should be for the plaintiff. In such case the question to be submitted to the jury was whether the labor and material were furnished for the defendant, and not whether they were so furnished with his knowledge and consent."

The plaintiff in this case had no contract for repairs with the owner, Whiteside. He was satisfied to deal with Crowe, who did not own the car. The lien cannot attach to the car when the work was ordered by a person other than the owner, without the owner's authority.

We think the judgment of the court is correct, and the case is affirmed.

The Supreme Court acknowledges the aid of Attorneys Carl Kruse, Roy J. Elam, and Dan Mitchell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Kruse, and approved by Mr. Elam and Mr. Mitchell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.