## LESH et al. v. BRANCH et al.

No. 25540.   June 9, 1936.

212

G. F. Womack, for plaintiffs in error.

J. P. Speer, for defendants in error.

CORN, J. This action was commenced in the district court of Grady county by J. P. Branch, J. E. Martin, and W. E. Brown, a copartnership, doing business under the firm name of Stephens County Rig & Lumber Company, as plaintiffs, against G. C. Schoonmaker and A. W. Phillips, as defendants, the purpose of which was to recover judgment for $192.57, with interest and attorneys fees, and to enforce a lien under section 10978, O. S. 1931, for rig timbers and other materials and supplies furnished by plaintiffs for defendants' use in drilling an oil and gas well at a location near Rush Springs in Grady county. After the plaintiffs had filed their lien as provided by the statute, and after the well had been drilled several hundred feet in depth, P. F. Lesh and C. McCall took over the drilling of the well, operating as partners under the firm name of Lesh & McCall. At this time an assignment of the oil and gas lease on the quarter section on which the well was located was made, ¼ to Lesh & McCall and ¾ to one O. P. Moore. These parties took assignments to other leases around the well. These transactions were made after plaintiffs had filed their suit to enforce their lien, and when discovered by plaintiffs, Leash & McCall and Moore were brought in as parties to the action.

All the parties were nonresidents, and service was obtained by publication and an attachment was levied on the steel derrick and other equipment belonging to Lesh & McCall. The well, a dry hole, was soon completed, and Lesh & McCall removed the derrick and other equipment, together with the materials furnished by the plaintiffs, to the state of Texas. After this was done they filed an answer in the case admitting the lien of plaintiffs and conceding its priority over their assignments to the leases, but denying personal liability for the debt. Upon trial of the cause the court rendered judgment against Schoonmaker, Phillips, Lesh and McCall, and rendered judgment foreclosing the lien and sustaining the attachment. From this judgment of the court Lesh and McCall appeal.

The question for determination on appeal is whether or not Lesh & McCall became personally liable for the debt. They contend that they completed the well under a contract for a specified consideration, and offered in evidence at the trial a copy of a letter from themselves to Phillips outlining an understanding which purported to have been accepted by Phillips, but the trial court refused to admit it. This is the appellants' principal assignment of error. The admissibility of the purported letter need not be considered in view of the record which shows conclusively that the parties were not operating under the purported agreement outlined in the letter, but shows that Lesh & McCall and Moore took over the leasehold on which the well was located and took over the leases on a large acreage around the well and continued to develop the same until the well was drilled to the required depth without striking oil or gas.

When it was first learned by the plaintiffs that Lesh & McCall had taken over the leasehold and the drilling operations they notified them by telephone at their office in Nocona, Tex., of their claim, and Lesh & McCall wrote plaintiffs a letter stating that they knew nothing about the account, but were taking the matter up with Messrs. Phillips and Schoonmaker, and that they hoped the matter would soon be handled to plaintiffs' satisfaction, and suggested that in the meantime it would not be necessary for them to take any drastic action in the matter. But with both actual and constructive notice of the claim Lesh & McCall continued to use the materials, and when the well was completed and abandoned, removed them from the state. This constitutes a plain case of conversion and renders them personally liable for the claim.

The measure of damages to one having a lien on personal property is prescribed by section 9988, O. S. 1931, which is as follows:

"One having a mere lien on personal property, cannot recover greater damages for its conversion, from one having a right thereto superior to his, after his lien is discharged, than the amount secured by the lien, and the compensation allowed by the

second preceding section for loss of time and expenses."

The section of the statute referred to as the "second preceding section" is section 9986, O. S. 1931, and it provides as follows:

"The detriment caused by the wrongful conversion of personal property is presumed to be:

"First. The value of the property at the time of the conversion, with the interest from that time; or,

"Second. Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and

"Third. A fair compensation for the time and money properly expended in pursuit of the property."

Section 11021, O. S. 1931, provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

Construing these provisions of the statute together, it is obvious that the plaintiffs are entitled to recover the full amount of their claim, including the attorney's fee and costs.

In view of the fact that plaintiffs' supplemental petition properly pleads conversion of the property by the defendants, Lesh & McCall, on which plaintiffs had a lien, and there being sufficient evidence to sustain the allegation, we find no error in the judgment of the court below, and it is hereby affirmed.

OSBORN, V. C. J., and RILEY, BUSBY, WELCH, and GIBSON, JJ., concur. McNEILL, C. J,, and BAYLESS and PHELPS, JJ., absent.