## PRANGE INVESTMENT CO. v. BOARD OF COM'RS OF McCURTAIN COUNTY.

### No. 26653.   Jan. 11, 1938.

Leo G. Mann and C. J. Brown, for plaintiff in error.

Howard Phillips, County Atty., and T. G. Carr, Asst. County Atty., for defendant in error.

RILEY, J. This is an action by plaintiff in error, Prange Investment Company, against the board of county commissioners of McCurtain county, defendant in error, to recover money paid for alleged illegal tax sale certificates. From an order sustaining a demurrer to its petition, the plaintiff brings this appeal.

Nineteen separate certificates of a tax sale held November 7, 1927, were set out in the petition and separately numbered and stated as 19 causes of action. The causes were identical except as to certificate number, land descriptions, amounts of payments, and some alleged payment of subsequent taxes on June 26, 1929. Plaintiff prayed judgment in the sum of $1,651.03, with interest at 6 per cent. from dates of payment.

Defendant's demurrer alleged a misjoinder of causes of action.

Section 12749, O. S. 1931, provides:

"When lands or lots which have heretofore been, or shall hereafter be sold, and tax sale certificates or tax deeds issued by the county treasurer therefor, on which land or lots no tax was due, or where said sale was, or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon together with subsequent payments with interest from date of payment at six (6) per cent. per annum. No action for such refund shall be commenced after the expiration of five (5) years from the time a tax deed might have been applied for, had the sale been valid."

The case of Savery v. Board of Co. Com'rs of McCurtain County, 177 Okla. 211, 58 P. (2d) 580, has been decided since this appeal was filed. The petition therein contained 41 causes of action involving 41 separate tax certificates, some of which were purchased at the same sale at which plaintiff obtained the 19 certificates constituting the basis of this action.

The rule announced in the Savery Case is controlling. The pertinent part thereof is as follows:

"* * * The trial court in the case at bar held that there was a misjoinder of causes of action on separate certificates. No authorities are furnished to support this theory, and we see no reason why an allegation that plaintiff is the holder of the particular certificate is not fully within the terms of the opinion, and the fact that it is brought in the same cause on different certificates would not be a misjoinder."

The cause is reversed and remanded, with directions to vacate the order sustaining the demurrer to the petition and dismissing the action and to reinstate the cause for further proceedings not inconsistent with this opinion.

OSBORN, C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and GIBSON, J., absent.