CALDWELL v. OVERALL.

*99 P. 2d 496.*

No. 29490. Feb. 6, 1940.

Rehearing Denied Feb. 27, 1940.

Sam S. Gill, of Oklahoma City, for plaintiff in error.

William R. Royse, of Oklahoma City, for defendant in error.

HURST, J. Plaintiff, Overall, brought this action to foreclose a mechanic's lien for work done as a carpenter on property owned by defendant. From a judgment for plaintiff, defendant appeals.

The sole question involved is whether the evidence was sufficient to show that defendant's husband, who employed plaintiff to do the work, was defendant's agent. We have carefully examined the record and are of the opinion that the agency of the husband is thereby sufficiently established. Without going into detail, it is sufficient to say that the facts and circumstances shown, as well as the admissions of the defendant, lead to the conclusion that the work was done for her, and that she knew that plaintiff had been employed for such purpose by the husband, and accepted his services with such knowledge.

It is settled that before a lien can be established against real estate, the contract must be made with the owner or his duly authorized agent, and that the right to the lien depends on such contract. Deka Development Co. v. Fox (1934) 170 Okla. 228, 39 P. 2d 143. While the husband's authority to act for his wife is not implied from the marital relation, nor from the mere fact that he occupied, or managed and controlled, his wife's property, yet in many instances the agency of the husband is inferred from the circumstances, as when the wife

knew that the lien claimant was working on the building, and personally gave him directions as to parts of the work, when she participated in conversations between the contractors and her husband relative to the work while it was being done, or when she furnished what money was paid on some material and the building of the house. 18 R. C. L. 901; 40 C. J. p. 99, § 87.

We find nothing in the cases of Whitfield v. Frensley Bros. Lumber Co. (1930) 141 Okla. 44, 283 P. 985, and Swetnam v. Hale (1929) 138 Okla. 69, 280 P. 437, relied on by defendant, to change our view that the judgment is not against the clear weight of the evidence. Therefore we will not disturb such judgment. Cordilla et al. v. Taylor et al. (1937) 181 Okla. 20, 72 P. 2d 375.

Affirmed.

BAYLESS, C. J., and RILEY, CORN, and GIBSON, JJ., concur.