WILLIAMSON v. WINNINGHAM.

No. 32735.   Sept. 9, 1947.

Rehearing Denied Nov. 18, 1947.

*186 P. 2d 644.*

Spillers & Spillers, of Tulsa, for plaintiff in error.

A. M. Covington, of Tulsa, for defendant in error.

RILEY, J.   This action was commenced December 29, 1944, by defendant in error, as plaintiff, to recover under an express contract alleged to have been entered into on October 24, 1944, by and between plaintiff and defendant, whereby plaintiff agreed to and did furnish materials and perform labor for the repair of defendant's automobile for an indefinite amount, reasonable consideration to be shown by itemized statement to be, and which was, furnished defendant by being attached to plaintiff's petition.

Plaintiff alleged that he performed the labor and furnished the materials for the repair except the last item contained in the statement, an alignment of the front system of the automobile, $6.50, which was waived; that the alignment was being made under subcontract when defendant wrongfully repossessed himself of the automobile and refused to return it for completion of repairs.   Plaintiff alleged that within 60 days thereafter he had filed a verified statement of the claim arising under the contract, in the office of the county clerk of Tulsa county, Okla.; that he was entitled to a lien on said property in the amount of $136.85, from and after November 1, 1944, the date plaintiff would have completed the repair.

Plaintiff prayed judgment with interest, costs, and a reasonable attorney's fee; that the judgment be decreed a lien upon the automobile, and foreclosed.

Defendant, by verified answer, denied his authorization for execution of the contract; denied his authorization for plaintiff's performance of work or labor; and denied correctness of the account and the existence of the debt.

A jury was waived; the cause proceeded to trial by the court.   At the conclusion of plaintiff's evidence, defendant's demurrer was overruled; defendant elected to stand on his demurrer, declined to adduce evidence; and the court rendered judgment for plaintiff.

The judgment was based on a finding that plaintiff had rendered service to defendant's automobile by furnishing material and performing labor; that the

charges were fair, reasonable, and unpaid; that defendant had **approved** plaintiff's service upon the car, but defendant had wrongfully reclaimed his automobile. A judgment for plaintiff against defendant was rendered in the amount sought, with interest; a lien was declared upon the automobile and ordered foreclosed; plaintiff was allowed an attorney's fee of $50.

The trial court erroneously found that plaintiff duly and properly filed his lien claim.

There is no evidence of record that plaintiff ever filed a lien claim. Defendant in error, in his brief says: " . . . the case-made does not reveal a formal tender of proof of this fact . . ."

The trial court erred in declaring the judgment a lien unless plaintiff's right to a lien may be classified as a common law lien, recognized by statute. 33 Am. Jur. 420 §4.

The evidence shows plaintiff commenced the work October 24, 1944. The action was instituted December 29, 1944, and there is an entire absence of proof, either by exhibit or evidence, to show that plaintiff performed any work or furnished any material after October 24, 1944. Sixty days after October 24, 1944, was December 23, 1944, at which time plaintiff's action was not yet commenced.

If the lien decreed is sustained, it entails an estoppel in pais because in fact plaintiff lost possession of defendant's automobile. Plaintiff pleaded that because of defendant's wrongful act in repossessing himself of his automobile, plaintiff was prevented from the performance of the repair. The pleading was sufficient as an averment of estoppel although the word "estoppel" was not employed.

Facts established by plaintiff's evidence are that while defendant was absent from the city of Tulsa and defendant's automobile, in possession of defendant's father, was parked on the city's street, it was wrecked by action of a third person. Plaintiff was given permission by defendant's father to repair defendant's automobile under promise of defendant's father that defendant would pay for the repairs. Plaintiff made necessary repairs on defendant's automobile except as to the one item of alignment, whereupon defendant returned to the city, went to plaintiff's shop and expressed himself satisfied with progress of the work. The repairs at that time were completed except as to the front alignment of defendant's automobile, the defendant **acquiesced** in plaintiff's plan and arrangement, by subcontract, to complete the repairs. Defendant told plaintiff he was willing to sign a release of liability of damages as against the third party so that the cost of repairs might be paid by the third party's insurance carrier. Defendant thereafter changed his mind, declined to sign the release of liability and based his attempted revocation of ratification upon an alleged needful extension of repair. Theretofore, pursuant to plan approved, plaintiff had delivered defendant's automobile to the subcontractor for completion of the repairs.

After actual possession of defendant's automobile was by plaintiff delivered to the subcontractor, defendant wrongfully and without authority of plaintiff or the subcontractor repossessed himself of it.

A demurrer to the evidence admits every fact which the evidence in the slightest degree tends to prove, and all inferences and conclusions which can be reasonably and logically drawn therefrom. The fact that the action is one of legal cognizance insofar as establishment of debt is concerned and was tried to the court in the absence of a jury does not defeat the rule when the evidence is neither conflicting, inherently improbable, nor the testimony sought to be impeached. Benke v. Stepp, 199 Okla. 119, 184 P. 2d 615.

The issue presented is whether plaintiff made a prima facie case entitling him to a judgment against defendant for debt and whether the debt constituted an obligation amounting to a lien such as might be foreclosed and an attorney's fee allowed.

In an action where the petition declares alone upon an express contract and full performance thereof is pleaded, no recovery can be had upon a quantum meruit. Dunn et al. v. T. J. Cannon Co., 51 Okla. 382, 151 P. 1167.

While the petition in the case at bar declared upon an express contract, full performance of it was not pleaded but negatived. While ratification of the contract was not specifically pleaded, without precise objection by the adverse party, it was sought to be proved.

Estoppel as pleaded was proved; plaintiff established the charges, constituting debt, to be reasonable.

Before a lien arising by contract may be decreed, the contract with owner or his duly authorized agent must be established. Caldwell v. Overall, 186 Okla. 615, 99 P. 2d 496. The right to such a lien depends upon contract. Deka Development Co. v. Fox, 170 Okla. 228, 39 P. 2d 143. One who furnishes work or material in repairing an automobile under an oral agreement with a person possessed of such automobile, other than the owner or his agent, acquires no lien in the absence of authority from the owner to make the repairs. Holland v. Whiteside, 171 Okla. 397, 43 P. 2d 57. Nevertheless, a ratification of the contract by the owner, if pleaded or proved, is sufficient to establish the contract. The contract then exists under the doctrine of relations. An approval, adoption, or confirmation of such a contract at a time when there is an option of rejection is enough, and a subsequent attempted revocation of ratification is immaterial to the existence of the contract. Swayne v. Union Mutual Life Ins. Co. (Tex. Civ. App.) 49 S.W. 518; Nowata Oil Syn. v. Commercial Nat. Bk., 93 Okla. 6, 219 P. 339; Madill State Bank v. Weaver, 56 Okla. 183, 154 P. 478.

Defendant was bound to pay. That he has failed to do. His acts and conduct imposed that duty upon him; otherwise he would have been unjustly enriched. Therefore, assuming the objection to proof of ratification, not pleaded, to be sufficient, that the express contract was not established, yet under the estoppel pleaded, defendant may not be permitted to profit by his own wrong. When he viewed and approved, or acquiesced in the known betterment to his property, thereafter surreptitiously to reclaim it, he became indebted to plaintiff. The judgment is binding upon him.

As to whether the judgment constituted a proper charge upon the specific property or its proceeds as security for the payment of the debt and whether plaintiff had right to the allowance of an attorney's fee is a question of law.

Under the common law, a right obtains to retain possession of a chattel until a debt or demand due the person thus retaining it is satisfied. Possession is such a necessary element that if it is voluntarily surrendered by the creditor, the lien is at once extinguished. The existence of the common law lien is reiterated by the statute. 42 O.S. 1941 §91. So that a person, lawfully in possession and making a repair by labor or skill for the protection or improvement of the thing, has a lien upon it. Jones v. Bodkin, 172 Okla. 38, 44 P. 2d 38.

A common law lien arises by implication of law and not by express contract. Cincinnati Tobacco Warehouse Co. v. Leslie, 117 Ky. 478, 78 S. W. 413, 64 L.R.A. 219. It is the right of a person to retain that which is in his possession, belonging to another, until certain demands against such other person are satisfied. A lien is a charge upon property for the payment or discharge of a debt or duty. Nichols v. Orr, 63 Colo. 333, 166 P. 561; Boston & Kansas

City Cattle Loan Co. v. Dickson, 11 Okla. 680, 69 P. 889. It is a qualified right, 33 Am. Jur. 419 §2, a proprietary interest in the property of another. Sanford v. McClelland, 121 Fla. 253, 163 So. 513, .31 Am. Rep. 299. The law gives the right, Andrews v. Doe, 6 How. (Miss.) 554, 38 Am. Dec. 450, and it is a right to satisfaction of a debt from a particular thing (Id.) extended to artificers, Peck v. Jenness, 7 How. (U.S.) 612, 12 L. Ed. 841. It is in full force and effect from and after the time the labor is performed. 42 O.S. 1941 §94. T.J. Stewart Lbr. Co. v. Derry, 122 Okla. 208, 253 P. 485.

An equitable lien is entirely different and not dependent upon either right granted (ad rem) or statute granting the right (in re) or possession of it. Re Interborough Consol. Corp., 288 Fed. 334, 32 A.L.R. 932, writ denied 262 U.S. 752, 67 L. Ed. 1215; Jones v. Carpenter, 90 Fla. 407 106 So. 127, 43 A.L.R. 1409.

The statute declares a right of lien already existing at common law. The statute merely modifies its incidents, but legislative authority exists by statute to create a right of lien where no such right existed at common law. Horace Waters & Co. v. Gerard, 189 N.Y. 302, 82 N.E. 143, 24 L.R.A. (N.S.) 958; Fox v. Seal, 22 Wall (U.S.) 424, 22 L. Ed. 774; 33 Am. Jur. 432 §24. And so statutory liens often exist where the creditor does not have possession of the property sought to be subjected to a lien, thus differing the statutory lien from the lien at common law.

In the case at bar, plaintiff's right to a lien exists; the lien to which plaintiff is entitled falls within the common law classification. It is based directly upon the idea of possession, Roberts v. Jacks, 31 Ark. 597, 25 Am. Rep. 584. Such possession may be either actual or constructive. Miller v. Marston, 35 Me. 153; Stewart v. Flowers, 44 Miss 513, 7 Am. Rep. 707.

Plaintiff's possession of defendant's automobile, rightfully in the hands of the subcontractor, was constructive. It

was a lawful possession; and as no one can acquire a lien founded on his own illegal or fraudulent act, or breach of duty, Randel v. Brown, 2 How. (U.S.) 406, 11 L. Ed 318, neither may a person rightfully in possession, where estoppel is pleaded and proved, be defeated of a right or lien by the owner's wrongful act of dispossession:

"A lien which arises by force of the common law may be, under special circumstances, superior to prior existing contractual or statutory liens on the same property."

—33 Am. Jur. 436 §33, but the superiority stated relates solely to priority, Reeves & Co. v. Russell, 28 N.D. 265, 148 N.W. 654, L.R.A. 1915D, 1149; §96, supra; Cook v. Okla. Auto Sup. Co., 62 Okla. 202, 162 P. 731.

An artisan's lien for materials and labor expended in betterment of personal property, existing under the common law, where **in the eyes of the law,** by estoppel, the artisan has right of possession, may constitute a lien, limited by statute. Shefts Sup. Co. v. Brady, 170 Okla. 590, 41 P. 2d 820; Basham v. Goodholm & Sparrow Inv. Co., 52 Okla. 536, 152 P. 416; McGuyre v. Duncan, 100 Okla. 217, 229 P. 199.

As provided by statute, 42 O.S. 1941 §6, a lien is created by (1) contract, and (2) by operation of law. The lien arising by mere operation of law arises at the time at which the act to be secured thereby ought to be performed, §7 Id. The lien arising by operation of law and based on possession continues to exist until possession is voluntarily surrendered, §25 Id., §91 Id., §92 Id., or until the lien fails by the mere lapse of time within which an action upon the principal obligation may be brought. 42 O.S. 1941 §23. Robinson v. Exch. Nat. Bank of Tulsa, 31 Fed. Supp. 350, 28 Fed. Supp. 244; City Nat. Bank of Lawton v. Lewis, 73 Okla. 329, 176 P. 237; Jones v. Bodkin, 172 Okla. 38, 44 P. 2d 38. The action on the principal obligation was commenced well within the statute of limitations and also within

time prescribed by statute for preservation of the lien (8 months after the work is done) §95 Id. Pacific Petroleum Co. v. Sunbeam Oil Co., 176 Okla. 293, 54 P. 2d 1054. A garageman is possessed of such right. Riggan v. Faulkner, 184 Okla. 605, 89 P. 2d 311; Norton Johnson Buick Co. v. Lindley, 173 Okla. 93, 46 P. 2d 525; 62 A.L.R. 1485 (Bailment).

As provided by statute, 42 O.S. 1941 §98, a statement may be filed with the county clerk within 60 days after last furnishing of labor and materials or supplies for the repairing of such personal property. If such a statement is filed, priority of the lien is preserved, §98 Id. In Jarecki Mfg. Co. v. Fleming, 123 Okla. 147, 252 P. 17 (see also, Oil Well Supply Co. v. Farmers Nat. Bk. of Chickasha, 112 Okla. 17, 293 P. 585) we held that unless a statement is filed "within the time aforesaid" the person entitled to such a lien and who has surrendered possession of the property is not protected as against innocent purchasers for value without notice, actual or constructive, 42 O.S. 1941 §98, but the person otherwise entitled is "deemed to have waived his right", Id. The right considered and decided was one of priority. Plaintiff in error relies upon the rule in the case above cited.

A materialman, and not an artisan or laborer, who there failed to file a lien statement as provided by law did not have priority as against the lien of a mortgage arising by contract. The materialman's lien sought to be enforced was purely statutory as the materialman was never shown to have had or retained possession of the personal property. The case is distinguishable.

Oil Well Supply Co. v. Farmers Nat. Bk. of Chickasha, supra, denied applicability of a lien created by statute as against the owner of a leasehold for oil and gas, for materials furnished or labor performed in the operations because of lien claimant's contractual relation with the owner only of the rig improved. As thus limited the materialman's lien, a creature of statute, preserved by the filing of a statement, as by the statute required, afforded no priority of lien for materials furnished subsequent to the lien of the mortgage.

Where possession is actually, or in the eyes of the law, retained and the property preserved or improved by the performance of labor and the furnishing of materials, a lien of the common law exists and endures without the necessity of filing a lien statement if an action is commenced within limitations upon the principal obligation as well as within time specified by statute for preservation of the lien. The filing of such a statement is necessary to preserve the lien only as against the priority of other liens in the absence of lienor's rightful possession. Failure to file such a statement, under the statute relating to priority, does not, where possession is retained, result in destruction of the lien. Terms of the statute provide that in event of failure to so file a statement a waiver of lien is to be deemed. "Deemed" as used in the statute has the significance of a presumption, an inference of fact not certainly known. However, that which is to be adjudged from failure to file a lien statement is limited not to the existence of the lien, but to a waiver of it in favor of other encumbrancers. But where possession is not voluntarily surrendered, the statutory provision has no function to perform.

The decree foreclosing the lien of plaintiff is sustained. The allowance of an attorney's fee is dependent upon statutory provision. Simpson v. Butts, 99 Okla. 168, 226 P. 332; Moore v. Calvert, 8 Okla. 358, 58 P. 627. It must be reasonable in amount. Keokuk Falls Imp. Co. v. Kingsland & Douglas Mfg. Co., 5 Okla. 32, 47 P. 484; Cooper v. Bank of Ind. Terr., 4 Okla. 632, 46 P. 475; Holland v. Whiteside, 171 Okla. 397, 43 P. 2d 57.

42 O.S. 1941 §176 provides:

"In an action brought to foreclose any lien, the party for whom judgment

is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

The provision is valid and available for the protection of plaintiff's right. Baker v. Farmers & Merchants State Bank, 117 Okla. 93, 245 P. 555; Lesh v. Branch, 177 Okla. 211, 58 P. 2d 578.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur.