### OKMULGEE REAL ESTATE DEVELOPMENT CO. et al. v. MUSKOGEE MATERIALS CO.

No. 35642.

Supreme Court of Oklahoma.

Sept. 22, 1953.

LeRoy Blackstock, Tulsa, for plaintiffs in error.

Carland Smith, Okmulgee, for defendant in error.

ARNOLD, Justice.

This action was brought in the District Court of Okmulgee County by one O. M. Hodgens, d. b. a. Hodgens Plumbing Company as plaintiff, against Okmulgee Real Estate Development Company, the owner of certain real estate described in the petition and other named lien claimants as defendants to foreclose a mechanic's lien; the named defendant lien claimants, including Muskogee Materials Company, filed answers and cross-petitions setting up their individual mechanics' and materialmen's liens and asking for foreclosure of their respective lien claims against said property. The Country Life Insurance Company of Chicago, the holder of a mortgage against the property, intervened asking that its mortgage be declared a prior and superior lien. During the course of the trial the lien claims of all the

claimants except that of Muskogee Materials Company were dismissed with prejudice, leaving only the issues between cross-petitioner Muskogee Materials Company and defendant Okmulgee Real Estate Development Company and intervener The Country Life Insurance Company of Chicago to be tried and decided. Jury was waived. The court found that Muskogee Materials Company was entitled to judgment against Okmulgee Real Estate Development Company for the sum of $1,260.25 with interest at 6% from November 13, 1950, until paid, costs and attorney's fee of $200; that said indebtedness constituted a first and prior lien for materials furnished upon the real estate involved, prior and superior to the mortgage lien of intervener; that said materialman's lien should be foreclosed against the real estate, and rendered judgment in accordance with said findings. The motion for new trial filed by intervener Country Life Insurance Company was overruled provoking this appeal. It seeks to reverse the judgment of the court only insofar as it granted a materialman's lien to Muskogee Materials Company and foreclosed same against the land and improvements owned by Okmulgee Real Estate Development Company.

Plaintiff in error makes the sole contention here that Muskogee Materials had no contract with the owner of the property or its authorized agent under the provisions of 42 O.S.1951 § 141; that its contract was with the general contractor and it would have to perfect its lien under the provisions of 42 O.S.1951 § 143; that its lien having been filed more than 60 days though less than four months after the last material was furnished was invalid.

The undisputed evidence shows that Robert S. Zschach was the managing officer, a director, and principal stockholder of both the Zschach Construction Company, a corporation, and Okmulgee Real Estate Development Company, a corporation. Okmulgee Real Estate Development Company owned certain lots in Okmulgee upon which it proposed to erect certain rental houses. For this purpose it obtained a construction loan from W. R. Johnston and Company,

under the terms of which moneys up to the face amount of the mortgage given as security for the money borrowed was advanced from time to time to meet the costs of construction as the work progressed. This mortgage was assigned before the completion of the work to intervener who continued to advance the sums called for by the mortgage until the work was completed. Okmulgee Real Estate Development Company made a contract with Zschach Construction Company to construct the buildings on the property. At certain stages of the work, after approval by the Federal Housing Administration inspectors, Zschach Construction Company would furnish an itemized statement of the work completed and the cost thereof to Okmulgee Real Estate Company, who would in turn submit same to the mortgage holder together with a certificate that all material and labor bills to date were paid, and the mortgagee would then advance such sum to Okmulgee Real Estate Development Company who would in turn pay same to the contractor. Early in the course of the work Zschach called upon Muskogee Materials Company, with whom his construction company had previously established a line of credit on other jobs, and advised it that "We own some real estate which we are going to develop", that large quantities of material would be required on the project and that his company should be entitled to discounts. Discounts were agreed upon if payments were made by certain dates. Zschach did not mention the name of the corporation for whom he was making the arrangements for the material; at that time Muskogee Materials Company had knowledge only of the corporation known as Zschach Construction Company. The materials were delivered and invoices were sent to the construction company. Payments were made for a portion of the materials but a portion remained unpaid. Repeated demands for payment were made to Zschach who kept asking for further time in which to meet his obligations. Shortly before the four months' period for filing a contractor's lien expired Muskogee Materials Company instructed its attorney to file a lien against the premises. Upon checking

456

the records to ascertain the description of the property involved Muskogee Materials Company learned for the first time that title to the property was in Okmulgee Real Estate Development Company. The lien was filed naming both Okmulgee Real Estate Development Company and Zschach Construction Company as owners of the property. While the case was pending further payments upon the indebtedness were made reducing the amount thereof to that for which judgment was rendered.

 Plaintiff in error contends that the lien claimant must establish itself as a direct contractor with the owner of the property in order to foreclose the lien which it filed; that the evidence discloses no contract between the lien claimant and Okmulgee Real Estate Development Company, owner of the property, and as the right to the lien depends upon a contract made with the owner or his duly authorized agent Muskogee Materials Company has no valid lien, citing Birmingham v. Houston-McCune Lumber Company, 171 Okl. 88, 41 P.2d 856, Caldwell v. Overall, 186 Okl. 615, 99 P.2d 496, and other cases. The evidence clearly shows that Zschach represented himself to Muskogee Materials Company as the agent of the owner of the property; that he was in truth and in fact the principal stockholder and managing officer of the corporation which was the owner of the real estate as well as of the corporation which had the construction contract, and that Muskogee Materials Company furnished the materials relying upon Zschach's statement that his corporation owned the real estate. There inheres in the judgment of the court a finding that a contract to furnish materials was made with the duly authorized agent of the owner of the property, and there is ample evidence in the record to sustain such a finding. Under such circumstances the judgment foreclosing the materialman's lien was correct.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, and WILLIAMS, JJ., concur.

O'NEAL, J., dissents.