**WAT HENRY CAR LEASING, Appellant,**

v.

**Tommy OLIVER, d/b/a Tommy Oliver's Diesel Truck Service, Appellee.**

**No. 48569.**

Court of Appeals of Oklahoma, Division No. 1.

March 16, 1976.

Released for Publication by Order of Court of Appeals May 20, 1976.

C. Rabon Martin, Tulsa, for appellant.

Frasier & Frasier by Larry A. Gullekson, Tulsa, for appellee.

BOX, Judge:

This appeal is taken by the plaintiff-appellant from a denial of a Writ of Replev-

in sought by a lessor of a truck against the defendant-appellee, a garage man, who performed repair work on the truck at the instance of the lessee.

A hearing was held; stipulations were made by the parties as follows:

1. Wat Henry Car Leasing Company (Wat Henry) is owner of a 1971 Chevrolet commercial truck, and leased the same on January 22, 1974 to Robert H. Tallent.

2. Under the lease, Tallent was obligated for all repairs and maintenance.

3. From August of 1974 to January of 1975, while in possession of the vehicle under the aforementioned lease, Tallent caused numerous repairs at a cost of approximately $4,000.00, which remains unpaid. (The above monetary figure was supplied by appellee's attorney in response to a question by the court.)

4. Tallent defaulted under the lease agreement and, under the terms thereof, Wat Henry was entitled to immediate possession thereof.

5. On February 28, 1975, Mr. Curtis Cook went to the premises of Tommy Oliver to pick up the vehicle for Wat Henry and discovered that it was gone.

6. On March 3, 1975 Mr. Clyde Belcher located the vehicle at J. C. Hamilton & Co. in the City of Tulsa and went there to repossess it, but was unable to get the engine to start. He returned later that day and discovered that the vehicle had been redelivered to Tommy Oliver by Mr. Tallent.

7. After redelivery, Tommy Oliver performed additional repairs at a total cost of $15.00. On March 20, 1975 Wat Henry filed a petition in the District Court of Tulsa County for a writ of replevin to recover the vehicle from Tommy Oliver. Notice of the petition was given to Mr. Oliver and on April 21, 1975, a hearing was had before the Honorable W. W. Means, District Judge of Tulsa County, at which time the parties appeared by their attorneys and stipulated to the above and foregoing facts. At the hearing, Mr. Rabon Martin, attorney for Wat Henry, tendered the sum of $15.00 as payment in full for all work performed by Mr. Oliver after possession of the vehicle had been reacquired, which tender was stipulated to be factually and legally sufficient, and demanded possession of the truck. Mr. Larry Gullekson, attorney for Tommy Oliver, rejected the tender and declined to deliver possession. The parties presented their arguments and authorities and the court ruled that the possessory lien being asserted by Tommy Oliver was, as a matter of law, valid with respect to work done before possession was voluntarily relinquished.

The only question to be resolved by this Court is:

"Does voluntary relinquishment of possession terminate a repairman's lien?"

The priority to be assigned to a valid possessory lien has been established as being superior to previously perfected security interest. *Commerce Acceptance Company of Oklahoma City v. Jerry Press, d/b/a Jerry's Automatic Transmissions,* Okl., 428 P.2d 213.

Appellant asserts the lien of the defendant-appellee pursuant to 42 O.S.1971, § 91 is extinguished by operation of 42 O.S. 1971, § 25.

42 O.S.1971, § 91 states in pertinent part:

"(a) Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by furnishing material, labor or skill for the protection, improvement, safekeeping, towing, storage or carriage thereof, has a special lien thereon, *dependent on possession,* for the compensation if any which is due to him from the owner for such service." (Emphasis supplied.)

Appellant contends that although there was a valid prior lien in favor of appellee it was extinguished by operation of 42 O. S.1971, § 25, which states as follows:

"The voluntary restoration of property to its owner, by the holder of a lien

thereon, dependent upon possession, extinguishes the lien as to such property, unless otherwise agreed by the parties, and extinguishes it, notwithstanding any such agreement, as to creditor's of the owner and persons subsequently acquiring title to the property, or a lien thereon, in good faith and for a good consideration."

Stipulation was made that Wat Henry is the owner of the truck. However, a reading of the record reveals that possession was never relinquished to Wat Henry; in fact, there is a stipulation that an agent of Wat Henry attempted to repossess the truck but was unable to do so and the truck was returned to the garageman by Mr. Tallent, lessee, the person who contracted for the repairs.

Appellee asserts possession sufficient to validate a lien may be either actual or constructive, *Williamson v. Winningham*, 199 Okl. 393, 186 P.2d 644; that the appellant has shown only that the truck was physically not on appellee's premises. A careful reading of the *Williamson* case, supra, does not provide appellee any relief as suggested. The court in its Syllabus No. 2 held as follows:

"One who furnishes material and performs labor for the repair of personal property, under oral agreement with a person other than the owner, or his duly authorized agent, acquires no lien against the personal property, but where the owner, with knowledge, has right of option, and approves an artisan's possession together with progress of repair upon such personal property and thereafter wrongfully repossesses the property, he may not profit by his own wrong but is estopped to deny adverse possession of the property whereby a lien, as at common law, exists, reiterated and limited only by statutory provision. 42 O.S.1941 § 91."

■ The statutory provisions of 42 O.S.1971, § 91 specifically requires uninterrupted possession. It is therefore the ruling of this Court that when appellee returned possession of the truck to Mr. Tallent prior to March 3, 1975, he thereby lost his possessory lien.

Likewise under the stipulation of the parties, appellant's contention that 42 O.S. 1971, § 25 extinguished the former lien is also well taken.

The judgment of the trial court is reversed with instructions to order the return of the truck to appellant upon the payment of the $15.00 as agreed to by appellant.

REVERSED AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, P. J., and ROMANG, J., concur.