OSCN Found Document:Questions Submitted by: The Honorable Avery Frix, Oklahoma State Senate, District 9

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 Questions Submitted by: The Honorable Avery Frix, Oklahoma State Senate, District 9
2025 OK AG 8
Decided: 07/01/2025
OKLAHOMA ATTORNEY GENERAL OPINIONS
Cite as: 2025 OK AG 8, __ P.3d __

 

¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:

1. Under what circumstances, if any, may a wrecker operator's possessory lien on a truck and trailer be extended to include the cost of services performed by a separate environmental remediation company?

2. To the extent that such a possessory lien extends to include services performed by the environmental remediation company, may the wrecker operator withhold release of the property until payment for all services has been rendered?

3. May a single possessory lien cover both a truck and trailer towed by a wrecker operator, or are the truck and trailer each subject to separate possessory liens?

I.
Summary

¶1 Oklahoma statutes grant a possessory lien to a wrecker operator that (1) renders a service to a vehicle owner; (2) which service is enumerated in statute; (3) while the wrecker operator lawfully possesses the vehicle; and (4) the wrecker operator is still in possession of the vehicle. See 42 O.S.Supp.2024, §§ 91[1] Statutory liens like this one are "strictly confined" to the terms of the statute creating them. H2K Tech., Inc. v. WSP USA, Inc., 2021 OK 59503 P.3d 1177

II.
Background

¶2 When a vehicle accident results in the release of a hazardous substance, the Oklahoma Emergency Response Act, 27A O.S.2021, §§ 4Id. § 4-1-103(E). DEQ is then empowered to "initiate cleanup operations of the release [of hazardous waste]." Id. § 4-1-103(G).

¶3 The cost of environmental cleanup is borne by the "responsible party," defined as "any person who owned, operated, or otherwise controlled activities at the facility at the time the incident[.]" 27A O.S.2021, §§ 4[2] By DEQ rule, the responsible party "may employ any licensed highway spill remediation service unless the on-scene law enforcement officer has determined that there are hazardous conditions that pose an imminent threat to health or the environment . . . [in which case] the law enforcement officer may contact any licensed highway spill remediation service . . . needed to resolve the emergency." Okla. Admin. Code § 252:210-1-3(a).

¶4 Separately, vehicle accidents often require a wrecker to tow away inoperable vehicles. As noted in a previous opinion from this office, wrecker operators are not responsible for remediating hazardous substances: "the simple task of a wrecker or towing service is to clean up after an accident to ensure highway safety . . . [t]hus, where hazardous or dangerous materials are involved in an accident scene, it is not the obligation of the wrecker who removes vehicles to also remove the hazardous or dangerous materials." 2000 OK AG 42

¶5 Your questions involve a scenario where a wrecker has towed and stored a vehicle following an accident where environmental remediation was necessary. The rates charged by the wrecker operator in this scenario may depend on such variables as distance towed, hours spent on the tow, size of the vehicle, and whether any specialized skill or service was required. [3] In certain cases, the wrecker operator may also collect the costs of environmental remediation. See 47 O.S.2021 & Supp.2024, §§ 953.1(A), 953.2(A). You ask whether the statutory lien allowed for wreckers in possession of a vehicle may be extended to cover the costs of environmental remediation.

III.
Discussion

¶6 When a wrecker removes and stores a vehicle following an accident, it is granted a possessory lien to ensure payment for its services. 47 O.S.2021, § 962See supra footnote 1. In relevant part, Sections 91/91A provide that:

Any person who, while lawfully in possession of. . . [any vehicle, all-terrain vehicle, utility vehicle, manufactured home, motorcycle, boat, outboard motor, or trailer], renders any service to the owner thereof by furnishing storage, rental space, material, labor or skill for the protection, improvement, safekeeping, towing, right to occupy space, storage, or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to such person from the owner for such service.

42 O.S.Supp.2024, §§ 91H2K Tech., 2021 OK 59Riffe Petroleum Co. v. Great Nat'l Corp. Inc., 1980 OK 112614 P.2d 576Id.

A. A wrecker cannot extend a lien granted under Sections 91/91A to cover the costs of environmental remediation performed by a separate company. 

¶7 To obtain a possessory lien under Sections 91/91A, a wrecker operator must (1) render a service to the owner of the vehicle or other property; (2) which service is specifically enumerated in the statute; (3) while in lawful possession of the vehicle or other property; and (4) still be in possession of the vehicle or other property. See 42 O.S.Supp.2024, §§ 91

¶8 As to the first and second elements, services that qualify for a lien are specifically enumerated in Sections 91/91A, and include "furnishing storage, rental space, material, labor or skill for the protection, improvement, safekeeping, towing, right to occupy space, storage or carriage of" the vehicle or other property. Put simply, the services listed in Sections 91/91A revolve around the removal, securing, and storage of the property that is subject to the lien. The wrecker operator plainly provides such services to a wrecked vehicle. See, e.g., 2000 OK AG 42 An environmental remediation provider does not. Services provided by an environmental remediation company are just that -- the containment and ultimate removal of hazardous materials from an accident site. See, e.g., Okla. Admin. Code § 252:210-1-2 (defining "remediation" under DEQ rules implementing the Oklahoma Emergency Response Act). The company's services provide a benefit to the public and the surrounding area, not to the vehicle that the wrecker removes. Because Section 91/91A liens attach only with respect to specific services provided for the benefit of the property subject to the lien, and environmental remediation companies neither provide those services nor benefit that property, the statute does not allow for attachment of a possessory lien to secure payment for environmental remediation services. This is particularly the case where, as here, the statutory language creating the lien is to be interpreted narrowly. H2K Tech., 2021 OK 59

¶9 Regarding the third and fourth elements, taking and maintaining possession are essential to obtaining a possessory lien. See Williamson v. Winningham, 1947 OK 231186 P.2d 644i.e., physical) possession of the vehicle and constructive possession, which involves a level of control over the property even without physical possession. See 42 O.S.Supp.2024, §§ 91

¶10 Because the terms of the statute are not met, a wrecker operator cannot extend the value of a possessory lien under Sections 91/91A to include the costs of environmental remediation associated with a vehicle accident. To be clear, this is not to say that vehicle owners are not liable for these costs. As explained above, they plainly are. See 27A O.S.2021, §§ 4 But a wrecker operator cannot use a possessory lien as a mechanism to collect those costs where the terms of Sections 91/91A are not clearly satisfied. [4] See Riffe Petroleum Co., 1980 OK 112

B. The wrecker operator must relinquish the vehicle or other property once the value of the possessory lien has been paid in full.

¶11 As explained above, a wrecker operator who has possession of a vehicle or other property subject to a possessory lien cannot extend the lien to cover the cost of environmental remediation services. Under Sections 91/91A, a possessory lien attaches to the property "for the compensation, if any, which is due to such person [i.e., the wrecker operator] from the owner for such service [i.e., one of the enumerated services in Sections 91/91A]." 42 O.S.Supp.2024, §§ 91

C. A truck and trailer are distinct articles of property under Sections 91/91A, and therefore a separate possessory lien will attach to each of them, as allowed by statute.

¶12 In a vehicle accident involving a truck and trailer, there may be scenarios where both must be towed. You ask whether, in such a situation, a wrecker operator is entitled to a single possessory lien over both truck and trailer, or a separate lien for each.

¶13 "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." 25 O.S.2021, § 1vehicle, all-terrain vehicle, utility vehicle, manufactured home, motorcycle, boat, outboard motor, or trailer . . . ." (emphasis added). Merriam-Webster defines "truck" as "an automotive vehicle with a short chassis equipped with a swivel for attaching a trailer and used especially for the hauling of freight." Truck, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/truck (last visited June 12, 2025). Conversely, "trailer" is defined as "a nonautomotive vehicle designed to be hauled by road." Trailer, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/trailer (last visited June 12, 2025). Thus, while trucks and trailers are used in tandem, they are individual articles with distinct uses: one "hauls" while the other is "hauled."

¶14 Sections 91/91A treat trucks and trailers as independent articles of personal property, [5] expressly listing "vehicle" separately from "trailer." This suggests that a wrecker operator could have a possessory lien over one or separate possessory liens over each, but not a single lien that covers both. This also makes sense as a practical matter: a wrecker operator could tow away the truck without the trailer, and vice versa, and the cost of towing and storing each is likely different, resulting in different lien values for truck and trailer. To the extent that a wrecker operator is in possession of both the truck and trailer and has rendered the requisite services thereon to the benefit of the owner, separate possessory liens attach to both a truck and its trailer.

* * *
¶15 It is, therefore, the official Opinion of the Attorney General that:

1. A wrecker operator's possessory lien on a truck and trailer may not be extended to include the cost of services performed by a separate environmental remediation company because the remediation company does not satisfy the requirements of title 42, sections 91 or 91A.

2. Once the wrecker operator has been compensated for the services giving rise to the possessory lien, the property subject to the lien must be released.

3. A truck and trailer are separate pieces of property under title 42, sections 91 and 91A. Therefore, if a wrecker operator tows each from a single accident site separate possessory liens would apply to the truck and to the trailer.

Gentner Drummond
Attorney General of Oklahoma

Ellen Carr
Assistant Solicitor General

FOOTNOTES

[1] Two different statutes govern these liens: one for property with a certificate of title, see 42 O.S.Supp.2024, § 91ee 42 O.S.Supp.2024, § 91
[2] "Facility" is defined to include "any . . . motor vehicle." Id. § 4-1-102(11)(a).
[3] For a "nonconsensual tow," the allowable rates charged by a wrecker operator are set by the Oklahoma Corporation Commission. See 47 O.S.2021 & Supp.2024, §§ 953.1, 953.2, 966. A "nonconsensual tow" is defined to mean, in relevant part, "the transportation of a vehicle without the consent or knowledge of the vehicle's owner, possessor, agent, insurer, lienholder, or any other person in possession of or in charge of any vehicle[.]" Id. § 951.
[4] As noted above, there are situations--particularly in the case of a "nonconsensual tow"--where a wrecker operator may be permitted to collect the costs of environmental remediation of an accident site. 47 O.S.2021 & Supp.2024, §§ 953.1(A), 953.2(A). Accordingly, a wrecker operator may, whether by statutory authorization or contractual arrangement, stand in the shoes of the environmental remediation company to collect the costs of remediating the accident site. Nevertheless, it is clear from the language of Sections 91/91A that the wrecker operator cannot obtain a possessory lien to aid in its collection of these costs. Such liens are a statutory creation, and the Legislature has the authority to create a specific lien for environmental remediation services, should it choose to do so. Williamson, 1947 OK 231
[5] Notably, title 47, section 1102 of the Oklahoma Statutes also distinguishes trucks and trailers as separate articles in its definition of "combined laden weight." The definition notes that "'combined laden weight' means the weight of a truck or station wagon and its cargo or payload transported thereon, or the weight of a truck or truck-tractor plus the weight of any trailers or semitrailers together with the cargo or payload transported thereon." 47 O.S.Supp.2024, § 1102

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105